**James RYAN, Plaintiff,**

v.

**Nicholas BRADY, et al., Defendants.**

**Civ. A. No. 91–0608.**

United States District Court,
District of Columbia.

June 27, 1991.

Marina Utgoff Braswell, Asst. U.S. Atty., Washington, D.C., for defendants.

James Ryan, pro se.

Heinz Wall, pro se.

**2**

## ORDER

REVERCOMB, District Judge.

The plaintiff, James Ryan, is a federal prisoner currently in the custody of the United States Bureau of Prisons in Fort Worth, Texas. Due to his incarceration on a felony conviction, any Social Security benefits to which he is entitled were suspended for the duration of his incarceration. The plaintiff seeks to bring a class action on behalf of all incarcerated felons who are entitled to receive benefits under the Social Security Act but who have had those benefits suspended due to their incarceration.

Upon consideration of Defendants' Motion to Dismiss, the Plaintiff's Opposition, the Defendants' Reply, and the Plaintiff's Motion for Summary Judgment, it is

ORDERED that the Defendants' Motion to Dismiss is GRANTED and the Plaintiff's Motion for Summary Judgment is DENIED.

■ The Court lacks jurisdiction over the plaintiff's claims. The substance of the plaintiff's action is his request for Social Security benefit payments, which were suspended under 42 U.S.C. § 402(x), and therefore, his claim arises under the Social Security Act. However, the plaintiff has failed to meet the statute's requirements that: 1) he has received a final decision of the Secretary after a hearing, 2) he brought suit within 60 days of the mailing of the final decision, and 3) he brought suit in the district court for the district in which he resides or has his principal place of business. *See* 42 U.S.C. § 405(g).

The plaintiff has not alleged that he has received a final decision of the Secretary of Health and Human Services. The plaintiff only alleges that his benefits were suspended by the Social Security Administration in December of 1989 with the explanation that benefits are withheld while an eligible recipient is incarcerated in the United States on a felony conviction under 42 U.S.C. § 402(x). The plaintiff does not allege that he requested reconsideration of this notice or proceeded to a hearing before an Administrative Law Judge or requested Appeals Council review of a decision, all of which are required to obtain a final decision of the Secretary. 20 C.F.R. §§ 404.-900–982.

■ In addition, the plaintiff has not filed his suit in the district court for the judicial district in which he resides or has his principal place of business. The plaintiff, who is now incarcerated in Allenwood, Pennsylvania, neither resides within this jurisdiction nor has his principal place of business here. The plaintiff argues that the Court should ignore these venue requirements because the plaintiff has been moved between several prisons in the last eighteen months. However, the Court notes that once the action has been filed in the appropriate court, the case may stay in that court for venue purposes even if the plaintiff is subsequently transferred to a new prison. The plaintiff has never been incarcerated within this jurisdiction, and, therefore, the plaintiff does not meet the requirements set forth in 42 U.S.C. § 405(g).

■ Thus, this court lacks jurisdiction over the plaintiff because he has not met the requirements of 42 U.S.C. 405(g), and the case must be dismissed. If the Court were permitted to review the plaintiff's challenge to 42 U.S.C. § 402(x), which suspends his Social Security benefits, the plaintiff would not prevail. The statute's constitutionality has been upheld by every circuit court that has considered the issue, including the Court of Appeals for the District of Columbia Circuit. *See Yost v. Attorney General of the United States*, No. 90–5338, slip op at 1–2 [946 F.2d 1568 (table)] (D.C.Cir. May 31, 1991); *Wiley v. Bowen*, 824 F.2d 1120 (D.C.Cir.1987). Therefore, the plaintiff could not prevail in his attempt to have the statute declared unconstitutional.

■ The plaintiff has also filed an Addendum to Complaint, in which he seeks to add claims against the defendants for violations of the Racketeer Influenced and Corrupt Organization statutes ("RICO"). The Court agrees with the defendants that the amended complaint fails to comport with

Fed.R.Civ.P. 8(a) and (e) and fails to plead a violation under the RICO provisions. In *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985), the Supreme Court stated that a complaint setting forth RICO violations must allege conduct of an enterprise through a pattern of racketeering activity. The plaintiff's allegations do not plead facts that provide evidence of any specific conduct by the defendants that shows participation by any of them in a pattern of racketeering activity. Therefore, because the amendment of the complaint would be a futile act, the plaintiff's motion to amend the complaint is denied.

The plaintiff also argues that the defendants may not be represented by attorneys from the United States Attorney's Office or the Department of Justice and that the defendants should pay their own legal fees. However, the defendants consist of the Social Security Administration, the United States Department of Health and Human Services, and named federal employees. Under 28 U.S.C. § 516, litigation against the United States, a federal agency, or a federal employee acting in the scope of his employment will be defended by officers of the Department of Justice, under the direction of the Attorney General. Therefore, the plaintiff's argument is without merit.

The plaintiff also argues that the defendants should be required to pay his expenses for pursuing this case. The government is not required to reimburse the plaintiff for his costs in this case, especially in light of the fact that the defendants' motion to dismiss has been granted.

The plaintiff has also filed a Motion for Default Judgment, claiming that he personally served all the defendants and that none of them have answered the Complaint. The plaintiff contends that any responses filed by defense counsel do not qualify as responses because the defendants are not entitled to representation by the government. However, for the reasons mentioned above, the government counsel is the proper party to respond and a response to the Complaint was timely filed in accordance with the order of this Court.

The plaintiff has also filed a motion to order the defendants to fully answer all interrogatories, a motion for the Justice Department to produce documents, a motion for the Court to lift its protective order, and a motion for a formal class action certification. All of these motions are DENIED.

For the foregoing reasons, the Defendants' Motion for Dismissal is GRANTED.