978 F.2d 744
 298 U.S.App.D.C. 247
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
James RYAN, Appellant,
v.
Nicholas BRADY, Treasury Secretary, et al.
 No. 91-5236.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 7, 1992.
 
 Before MIKVA, Chief Judge and BUCKLEY and SENTELLE, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the motion for summary affirmance; the motion for summary reversal and lodged response thereto; the motion for leave to file opposition out of time, the opposition thereto and motion for default judgment, the response thereto and reply to the opposition to the motion for leave to file; the motion to disqualify the Justice Department; the motion for emergency hearing; the motion for certification as a class action; and the motion for oral argument, it is
 
 
 2
 ORDERED that the motion for leave to file opposition out of time be granted. The Clerk is directed to file the lodged document. It is
 
 
 3
 FURTHER ORDERED that the motion for default judgment be denied. Neither the Federal Rules of Appellate Procedure, nor the rules of this court, provides for such a sanction. It is
 
 
 4
 FURTHER ORDERED that the motion to disqualify the Justice Department be denied. See 28 U.S.C. §§ 517, 518(b). It is
 
 
 5
 FURTHER ORDERED that the motion for summary affirmance be denied as to that portion of the district court's order, filed June 27, 1991, granting appellees' motion to dismiss appellant's complaint. See Ryan v. Brady, 776 F.Supp. 1, 2 (D.D.C.1991). The merits of the parties' positions are not so clear as to justify summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C.Cir.1987) (per curiam); Walker v. Washington, 627 F.2d 541, 545 (D.C.Cir.) (per curiam), cert. denied, 449 U.S. 994 (1980). It is
 
 
 6
 FURTHER ORDERED that the motion for summary affirmance be granted in all other respects, for the reasons stated in the district court's order. See 776 F.Supp. at 3. The merits of the parties' positions are so clear as to justify summary action. It is
 
 
 7
 FURTHER ORDERED that the motion for summary reversal be denied. It is
 
 
 8
 FURTHER ORDERED that the motion for emergency hearing be denied. Appellant has failed to articulate the "strongly compelling" reasons that would justify expedition of this appeal. See D.C. Circuit Handbook of Practice and Internal Procedures 40 (1987). It is
 
 
 9
 FURTHER ORDERED that the motion for certification as a class action and the motion for oral argument be dismissed as moot. It is
 
 
 10
 FURTHER ORDERED, on the court's own motion, that
 
 
 11
 William H. Dempsey, Esq.
 
 Shea & Gardner
 1800 Massachusetts Ave., NW
 Washington, DC 20036
 202-828-2000
 
 12
 a member of the bar of this court, be appointed as amicus curiae to present arguments in favor of appellant's position. While not otherwise limited, the parties and amicus are directed to address in their briefs the following questions: (1) whether appellant fulfilled the nonwaivable "presentment" prerequisite for judicial review under 42 U.S.C. § 405(g), see Mathews v. Eldridge, 424 U.S. 319, 328-29 (1976); compare Sulie v. Schweiker, 730 F.2d 1069, 1070-71 (7th Cir.1983) (per curiam) (suspension of prisoner's disability benefits meets presentment requirement), with Heckler v. Lopez, 463 U.S. 1328, 1334-35 (1983) (Rehnquist, J., in chambers) (expressing doubt that individuals who had not "questioned the initial determination" underlying termination of disability benefits had fulfilled presentment requirement) and City of New York v. Heckler, 742 F.2d 729, 735 (2d Cir.1984) (termination of benefits, without further action by claimant, does not meet presentment requirement), aff'd on other grounds sub nom. Bowen v. City of New York, 476 U.S. 467 (1986); (2) if the presentment requirement was met, whether appellant's challenge to 42 U.S.C. § 402(x) was sufficiently collateral to his claim for benefits to be subject to judicial review in the absence of exhaustion of administrative remedies, see Mathews v. Eldridge, 424 U.S. at 329-32; Jensen v. Schweiker, 709 F.2d 1227, 1229-30 (8th Cir.1983); (3) whether appellant's status as an Irish citizen affects the correctness of the district court's conclusion that venue was improperly laid in this district, see Galveston, H. & S.A. Ry. v. Gonzales, 151 U.S. 496, 506-07 (1894) (alien is not a resident of any judicial district, for purposes of determining venue); Williams v. United States, 704 F.2d 1222, 1225 (11th Cir.1983) (same); but cf. Arevalo-Franco v. United States INS, 889 F.2d 589, 590-91 (5th Cir.1989) (alien may file FOIA action in district where he lives, without regard to legal residence status); Williams, 704 F.2d at 1226-27 (resident alien, as defined in Treasury Regulations, may establish venue for challenge to IRS jeopardy assessment); (4) whether a rational justification, see Flemming v. Nestor, 363 U.S. 603, 611 (1960), supports the suspension, pursuant to section 402(x), of Social Security benefits payments to an otherwise eligible incarcerated felon, but not to an incarcerated misdemeanant; and (5) whether Article IV of the Treaty of Friendship, Commerce and Navigation, Jan. 21, 1950, U.S.-Ir., 1 U.S.T. 785, 790, or any other provision of a treaty or international agreement affects the propriety of applying section 402(x) to appellant.
 
 
 13
 The Clerk is directed to withhold issuance of the mandate herein until disposition of the remainder of the appeal.