**James RYAN, Appellant,**

**v.**

**Lloyd BENTSEN, Secretary of the Treasury, et al., Appellees.**

No. 91–5236.

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 7, 1993.

Decided Dec. 28, 1993.

William H. Dempsey, Washington, DC (appointed by the Court), argued the cause for amicus curiae. On brief was Warner W. Gardner, Washington, DC.

Marina Utgoff Braswell, Asst. U.S. Atty., Washington, DC, argued the cause for the appellees. On brief were J. Ramsey Johnson, U.S. Atty., and John D. Bates and R. Craig Lawrence, Asst. U.S. Attys.

Before: BUCKLEY, GINSBURG and HENDERSON, Circuit Judges.

Opinion for the court filed by Circuit Judge KAREN LeCRAFT HENDERSON.

KAREN LeCRAFT HENDERSON, Circuit Judge:

James Ryan appeals the district court's dismissal of his claim for lack of subject matter jurisdiction. Before the district court Ryan challenged the suspension of his Social Security retirement benefits. The court found that Ryan's case arose under the Social Security Act and that Ryan had failed to exhaust his administrative remedies as required by 42 U.S.C. § 405(g). For the reasons set forth below, we affirm.

I.

In 1987 Ryan became eligible for and began receiving Social Security retirement benefits. 42 U.S.C. §§ 401 *et seq.* In 1989 Ryan was convicted of a felony and confined to a federal prison. Section 402(x) of the Social Security Act (Act) prohibits the payment of benefits to incarcerated felons;[1] acting pursuant to section 402(x), the Mid-Atlantic regional office of the Social Security Administration (SSA) terminated Ryan's benefits in late 1989. Ryan sought reconsideration but was unsuccessful. He did not request a hearing before an administrative law judge or Appeals Council review as provided by the Act. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.900(a)(1)–(4). Proceeding *pro se*, Ryan then filed this lawsuit in the United States District Court for the District of Columbia. Ryan's challenge to the suspension of his benefits arises from the fact that section 402(x) prohibits payment of Social Security benefits to incarcerated felons but not to incarcerated misdemeanants; according to Ryan, the statutory distinction between felons and misdemeanants violates the due process clauses of both the fifth and the fourteenth amendments.

---

1. [N]o monthly benefits shall be paid under this section ... to any individual for any month during which such individual is confined in a jail, prison, or other penal institution or correctional facility, pursuant to his conviction of ... a felony.
42 U.S.C. § 402(x).

The district court dismissed Ryan's case for lack of subject matter jurisdiction because he had not exhausted his administrative remedies. *See Ryan v. Brady*, 776 F.Supp. 1, 2 (D.D.C.1991). The court found that Ryan's claim arose under the Act and that he had not received a "final decision" of the Secretary (Secretary) of the Department of Health and Human Services (Department) rendered after a hearing, as required by 42 U.S.C. § 405(g). *Ryan*, 776 F.Supp. at 2. When Ryan sought summary reversal of the lower court's decision, and the Secretary sought summary affirmance, this Court appointed an *amicus curiae* to address numerous issues raised by Ryan's appeal.[2] Today we need reach only one of those issues: whether we should waive the exhaustion requirement and remand the case to the district court to consider the constitutionality of section 402(x).

## II.

■ Judicial review of Social Security benefit determinations is circumscribed by the Act. *See* 42 U.S.C. §§ 405(g)–(h). Specifically, section 405(g) permits judicial review of the Department's action only after a "final decision of the Secretary made after a hearing." 42 U.S.C. § 405(g). The Secretary renders a "final decision" after a benefit claimant receives an initial determination of his right to benefits by the regional SSA office, asks that office to reconsider its determination, requests a hearing before an administrative law judge (ALJ) and requests Appeals Council review of the ALJ's decision. *See* 20 C.F.R. § 404.900(a)(1)–(4). The Secretary's "final decision" is a prerequisite to subject matter jurisdiction in the district court and consists of two components, a presentment requirement and an exhaustion requirement.[3] *See Mathews v. Eldridge*, 424 U.S. 319, 328, 96 S.Ct. 893, 899, 47 L.Ed.2d 18 (1976). Only the presentment requirement is purely jurisdictional in the sense that it cannot be waived. *Id.* The exhaustion requirement, by contrast, can be waived. *Id.*

■ Thus far, the Supreme Court has found waiver appropriate in two situations. First, waiver can occur when the Secretary determines that the only issue before him is one of the constitutionality of a provision of the Act and that he cannot allow or disallow benefits on any ground other than the constitutional ground. Because the constitutionality of a statutory provision is an issue beyond his competence to decide, exhaustion is futile. *Weinberger v. Salfi*, 422 U.S. 749, 765–66, 95 S.Ct. 2457, 2466–67, 45 L.Ed.2d 522 (1975). Further agency review would not serve the purposes of exhaustion, namely, "preventing premature interference with agency processes, ... afford[ing] the parties and the courts the benefit of [the agency's] experience and expertise, ... [or] compil[ing] a record which is adequate for judicial review." *Id.* at 765, 95 S.Ct. at 2467. When exhaustion is futile, the *Salfi* Court held, the Secretary may waive the exhaustion requirement. The Court further indicated that "[t]he term 'final decision' is not only left undefined by the Act, but its meaning is left to the Secretary to flesh out by regulation." *Id.* at 766, 95 S.Ct. at 2467. The Secretary heeded the Court and has by regulation enabled a benefit claimant to bypass the final two stages of administrative review by creating an expedited appeals process (EAP) the claimant can use if he contends, and the SSA agrees, that the only obstacle preventing him from receiv-

---

**2.** The court directed both parties and *amicus* to address whether Ryan satisfied the "presentment" prerequisite to judicial review, whether his challenge to section 402(x) is collateral to his claim for benefits, whether Ryan's status as an Irish citizen affects venue, whether there is a rational justification for suspension of benefits under section 402(x) to incarcerated felons but not incarcerated misdemeanants and whether the Treaty of Friendship, Commerce and Navigation, Jan. 21, 1950, U.S.–Ir., 1 U.S.T. 785, 790, affects the application of section 402(x) to Ryan. All parties agree that the last issue is irrelevant to Ryan's appeal.

We wish to commend *amicus* for his exceptionally thorough and able presentation of arguments in support of Ryan and note that they have aided the court in its resolution of the issues.

**3.** The parties agree that Ryan met the presentment requirement by requesting reconsideration of the termination decision. Although the district court found that Ryan had failed to "allege that he requested reconsideration," *Ryan*, 776 F.Supp. at 2, Ryan had in fact requested reconsideration and was rebuffed. Brief for Appellees at 8.

ing benefits is a provision of the Act he alleges is unconstitutional. *See* 20 C.F.R. §§ 404.923–404.924. Agreement to use the EAP constitutes a "final decision" for the purpose of judicial review. 20 C.F.R. § 404.-926(e).

■ Second, the Supreme Court has sanctioned waiver when the claimant's constitutional challenge is collateral to his claim of entitlement and he stands to suffer irreparable harm if forced to exhaust his administrative remedies. *Eldridge,* 424 U.S. at 330–31, 96 S.Ct. at 900–01. In such a case, "deference to the agency's judgment is inappropriate," and the court itself may waive the exhaustion requirement. *Id.* at 330, 96 S.Ct. at 900. In this case, Ryan has not shown that he would suffer irreparable harm if forced to exhaust his remedies and therefore he may not invoke the second exception to the exhaustion requirement.

■ Ryan's challenge does, however, fit the first exception: the only issue is his constitutional challenge to section 402(x) and his benefits cannot be suspended or continued on the basis of any other section of the Act. Thus, exhaustion would appear to be futile. Nevertheless, the Secretary has not waived the exhaustion requirement. We must consider therefore whether we may effectively waive the requirement and, if so, whether we should.

■ As a preliminary matter, we note that the Supreme Court has not explicitly stated that a *court* may waive the exhaustion requirement when exhaustion would be futile. Rather, the Court has declared only that the *Secretary* may waive when he finds futility. *See Eldridge,* 424 U.S. at 330, 96 S.Ct. at 900. We have noted, however, that "the Court has extended the term ["waiver"] to situations where the Secretary staunchly demands that the claim be dismissed for want of exhaustion, but the Court itself has excused noncompliance." *Tataranowicz v. Sullivan,* 959 F.2d 268, 274 (D.C.Cir.1992) (excusing exhaustion where claimant challenged statuto-

ry, not constitutional, interpretation) (citing *Eldridge,* 424 U.S. at 328, 96 S.Ct. at 899; *Mathews v. Diaz,* 426 U.S. 67, 76–77, 96 S.Ct. 1883, 1889–1890, 48 L.Ed.2d 478 (1976); *Bowen v. City of New York,* 476 U.S. 467, 483, 106 S.Ct. 2022, 2031, 90 L.Ed.2d 462 (1986)). Thus, if the Secretary agrees that no facts are in dispute and that the only issue is the constitutionality of a provision of the Act, the court could, so far as prior cases are concerned, find futility and therefore deem the exhaustion requirement waived.

Given, then, that we can find futility and deem the exhaustion requirement waived, the question becomes whether we should. We decline to waive the exhaustion requirement, however, because the Secretary has expressly provided the EAP for a benefit claimant who argues that exhaustion of the usual procedures would be futile because the constitutional issue he raises is the sole issue. The EAP allows a claimant who receives an initial determination, and a reconsideration of that decision, to avoid the next two steps of administrative review. If the claimant stipulates that the only barrier to his receipt of benefits is a provision of the Act that he believes to be unconstitutional, and the SSA agrees that the dispute is so limited, the exhaustion requirement is waived. 20 C.F.R. § 404.923. We conclude that resort to the EAP procedure would not have been futile.[4]

The EAP procedure benefits both the parties and the court. First, it allows the claimant to circumvent full Department review. At the same time, when a claimant has availed himself of the EAP, the parties come to court in agreement as to the facts and the applicable law; only the statute's constitutionality remains in dispute. This means that when the case reaches the district court there will be no question regarding exhaustion of remedies or applicability of the futility doctrine. Nor will either party be faced with novel legal or factual claims beyond the constitutional question. Hence, the constitution-

4. Although the Supreme Court has noted the EAP, *see Heckler v. Ringer,* 466 U.S. 602, 606 n. 2, 104 S.Ct. 2013, 2017 n. 2, 80 L.Ed.2d 622 (1984), it has not addressed whether resort to the EAP is mandatory. We have also noted the EAP in passing. *See Bartlett v. Bowen,* 816 F.2d 695, 701 (D.C.Cir.1987).

al issue will be isolated for thorough analysis.[5]

Additionally, the court will benefit from the parties' use of the EAP. When the procedure is used, a case will come before the court in a posture that facilitates review on the merits. Rather than expending judicial effort on the applicability of the futility doctrine, the court is able to pass on the validity of the allegedly unconstitutional statute. Although cases may well arise in which a district court is required to consider the appropriateness of the SSA's refusal to agree to expedited review, they should be rare and the overall utility of the EAP to the judicial system and to the Department's effectiveness in responding to claimants will be tangible.

Compliance with the EAP, it should be emphasized, is not another wall constructed to stymie a claimant's efforts to obtain judicial review of his claim. Indeed, the EAP is an "expedited" procedure. It merely requires a claimant to agree with the SSA in writing that no facts are in dispute, and to allege that the provision of the Act prohibiting his receipt of benefits is unconstitutional and that he does not otherwise challenge the SSA's interpretation of the Act. *See* 20 C.F.R. § 404.926. These are matters a claimant would ordinarily be required to establish before invoking the futility doctrine in district court. The added burden that a claimant reach written agreement with the SSA is not itself futile because the agreement does not involve review of the merits of his claim to benefits. Once the agreement is reached, the claimant "may go directly to a Federal district court without first completing the administrative review process that is generally required" before judicial review. *Id.*

As a caution, we make it clear what we do not hold today. The EAP is not part of the non-waivable presentment requirement that is a predicate to judicial review. Rather, our decision to require a claimant mounting a constitutional challenge to utilize the EAP reflects both considerations already embodied in the Supreme Court's futility decisions and our own prudential concerns. When an agency has provided an abbreviated procedure that accelerates the decision-making process, it is in the best interests of the court, the agency and the claimant that the procedure be utilized.

Ryan did not use the expedited appeals process and, accordingly, failed to exhaust his administrative remedies. We find no justification for his failure. The decision of the district court dismissing the complaint is therefore

*Affirmed.*

---

5. If the Department decides that use of the expedited procedure is inappropriate, it treats a request for expedited appeal as a request for a hearing or for Appeals Council review. *See* 20 C.F.R. § 404.928. This means the claimant who follows the procedure will not have missed filing deadlines for further agency, and ultimately judicial, review.

Although 20 C.F.R. § 416.1400 sets forth a comprehensive explanation of how to proceed after each stage in the process of applying for benefits, including an explanation of how to use the EAP, the record does not reflect that the Secretary provided Ryan with such an explanation. Ryan did not raise this issue on appeal, however, so we need not decide today whether failure to give a *pro se* Social Security applicant notice of the appropriate procedure provides a ground for reversal or for tolling the deadline for filing an administrative appeal.