# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued December 13, 2005        Decided May 9, 2008

No. 04-1411

FASHION VALLEY MALL, LLC.,
PETITIONER

v.

NATIONAL LABOR RELATIONS BOARD,
RESPONDENT

GRAPHIC COMMUNICATIONS CONFERENCE, INTERNATIONAL
BROTHERHOOD OF TEAMSTERS, LOCAL 432(M)
INTERVENOR

———

Consolidated with
05-1027 & 05-1039

———

On Petition for Review and Application and Cross-
Application for Enforcement of an Order of the
National Labor Relations Board

———

*William M. Lines* argued the cause for petitioner Fashion
Valley Mall, LLC. With him on the briefs was *Theodore R.
Scott*.

*Anne Marie Lofaso*, Attorney, National Labor Relations
Board, argued the cause for respondent. With her on the brief

were *Arthur F. Rosenfeld*, Acting General Counsel, *Margery E. Lieber*, Acting Associate General Counsel, *Aileen A. Armstrong*, Deputy Associate General Counsel, and *David S. Habenstreit*, Supervisory Attorney.

*David A. Rosenfeld* and *Richard D. Prochazka* entered appearances on behalf of intervenor Graphic Communications Conference, International Brotherhood of Teamsters, Local 432(M) in support of respondent.

Before: SENTELLE, *Chief Judge,* GINSBURG, *Circuit Judge,* and WILLIAMS, *Senior Circuit Judge.*

Opinion for the Court filed by *Circuit Judge* GINSBURG.

GINSBURG, *Circuit Judge*: Fashion Valley owns a shopping mall in San Diego, California. It allows individuals and organizations to engage in expressive activities on its premises if they get a permit; in order to get a permit, an applicant must promise not to urge consumers to boycott any of the mall's tenants. The NLRB concluded this policy violated the right to free speech guaranteed by the Constitution of California and therefore held it was an unfair labor practice; Fashion Valley petitioned this court for review. We agreed that "whether Fashion Valley violated the [National Labor Relations] Act depends upon whether it had the right, under California law, to maintain and enforce its anti-boycott rule." 451 F.3d 241, 242 (2006). Accordingly, we certified that question to the Supreme Court of California, which held Fashion Valley's policy violated the right to free speech guaranteed by the Constitution of California, 172 P.3d 742 (2007), and later denied Fashion Valley's petition for rehearing.

Fashion Valley now claims the interpretation of the Constitution of California requiring it to allow protesters on its

premises to urge a boycott of its tenants' stores violates its rights under the Fifth and Fourteenth Amendments to the Constitution of the United States. It concedes, however, that it did not raise its constitutional argument until it petitioned the Supreme Court of California for rehearing. The Board argues the argument is forfeit because Fashion Valley did not raise it during the agency proceeding.

Whether Fashion Valley was required to raise its argument before the Board is not clear. "[T]here is [no] bright-line rule allowing litigants to bypass administrative [process] simply because one or all of their claims are constitutional in nature," *Marine Mammal Conservancy, Inc. v. Dep't of Agric.*, 134 F.3d 409, 413 (D.C. Cir. 1998), but we have stated we may excuse a failure to exhaust administrative remedies when exhaustion would be "futile" because a claim involves "the constitutionality of a [federal] statutory provision" and would therefore be "beyond [the agency's] competence to decide." *Ryan v. Bentsen*, 12 F.3d 245, 247 (D.C. Cir. 1993). The Board has never said it lacks jurisdiction to decide whether a state law is constitutional, *cf. Univ. of Great Falls*, 331 NLRB No. 188, at *2 (2000) (holding it beyond Board's authority to pass upon constitutionality of a federal statute), *vacated on other grounds*, 278 F.3d 1335 (D.C. Cir. 2002), but clearly it has been disinclined to do so. *Waremart Foods*, 337 NLRB 289, 289 (2001) ("[W]e decline the Respondent's invitation to independently evaluate the constitutionality of the State law"), *vacated on other grounds*, 354 F.3d 870 (D.C. Cir. 2004); *Varied Enters.*, 240 NLRB 126, 132 (1979) ("It is the general rule of law that a state statute is presumed to be constitutional until it is repealed by the legislature, or until its nullity is declared by a court of competent jurisdiction").

We need not wade into such murky waters in this case: We have no doubt Fashion Valley forfeited its constitutional

argument because it did not raise that argument in its petition for review by this court. *See, e.g.*, *Nat'l Steel & Shipbuilding Co. v. NLRB*, 156 F.3d 1268, 1273 (D.C. Cir. 1998) ("[Petitioner] failed in its opening brief to this court to contest the Board's finding ....  Consequently, that claim is waived").  Fashion Valley could and should have argued that if the Board's understanding of California's constitutional guarantee of free speech was correct, then that free speech provision, as applied, violated the Constitution of the United States.  Having that argument before us would have facilitated our decision to certify the question of state law to the Supreme Court of California. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 79 (1997) (noting that certification is especially appropriate "when a federal court is asked to invalidate a State's law" because the federal court "risks friction-generating error").  More important, with that argument a part of the case, the Supreme Court of California might have made a special effort to construe the state constitution so as to avoid any potential conflict with federal constitutional law.

Fashion Valley resists this conclusion, contending "it would have been impossible for [it] to have presented, or for the Board to have resolved, U.S. Constitutional issues created by a decision which had not yet been issued."  But the decision of the Supreme Court of California did not inject a new constitutional issue into the case.  The Board's understanding of California law had been part of this case from the time the Board's General Counsel filed the first brief before the Board; the Supreme Court of California merely confirmed that the interpretation of California law long followed by the Board was correct. *See, e.g.*, *Glendale Assocs.*, 335 NLRB 27 (2001), *enf'd*, 347 F.3d 1145 (9th Cir. 2003); *see also Robins v. Pruneyard Shopping Ctr.*, 592 P.2d 341 (Cal. 1979), *aff'd*, 447 U.S. 74 (1980).  Fashion Valley had no reason to wait until the Supreme Court of California rendered its decision to pursue its constitutional

claim.

Therefore, without deciding whether Fashion Valley was required to raise its constitutional argument before the Board in the first instance, we hold the argument is forfeit because it was not timely raised before this court. Fashion Valley's petition for review is accordingly denied and the Board's cross-application for enforcement is granted.

*So ordered.*