Sadie MATHEWS, Plaintiff,

v.

Shirley S. CHATER, Commissioner of Social Security,[1] Defendant.

No. 94 Civ. 4670 (JGK).

United States District Court, S.D. New York.

July 24, 1995.

---

1. Pursuant to Public Law No. 103–296, Sec. 105(a)(1) and Sec. 106(d) and 106(f) the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security effective March 31, 1995, and the Court may enter an order for substitution of parties. Accordingly, Shirley S. Chater, Commissioner of Social Security, has been substituted as defendant in this action for the Secretary of Health and Human Services and the Commissioner has been substituted for any references to the Secretary throughout this opinion.

Sadie Mathews, New York City, pro se plaintiff.

U.S. Atty. for the S.D. of N.Y., New York City, by Sapna V. Raj, for defendant.

## OPINION AND ORDER

KOELTL, District Judge:

■ The defendant Commissioner of Social Security moves to dismiss this action under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction because the plaintiff has failed to exhaust her administrative remedies. For the reasons explained below, the motion is granted and this action is dismissed without prejudice for failure to exhaust administrative remedies.[2]

### I.

On August 20, 1987, the plaintiff, Sadie Mathews, applied for widow's disability benefits pursuant to Section 202(e) of the Social Security Act, 42 U.S.C. § 402(e). The plaintiff's widow's benefits claim was denied initially, upon reconsideration and by a written decision dated December 27, 1988 by an Administrative Law Judge ("ALJ") after an oral hearing. The Appeals Council vacated the December 27, 1988 decision in a written order dated April 28, 1989 and returned the case to the hearing office for further development. After a supplemental hearing, an ALJ issued a written decision dated November 9, 1989 denying benefits. On October 11, 1990, the Appeals Council vacated the November 9, 1989 decision and returned the case to the hearing office for further development, a supplemental hearing and a written decision. On March 11, 1991, ALJ Helen Anyel issued a decision finding the plaintiff was entitled to Disabled Widow's Insurance Benefits ("DWI").[3]

The plaintiff was notified by letter dated August 3, 1992, that her retroactive DWI benefits would be reduced because of her prior receipt of Supplemental Security Income ("SSI") during the time she was eligible for DWI.[4] The plaintiff was notified of the exact reduction determinations by letter dated December 22, 1993 which concluded that, after deducting attorneys fees and SSI benefits, she was only entitled to $794.[5] The plaintiff filed for reconsideration on May 26, 1994.[6] The plaintiff was notified by letter dated June 1, 1994 that the prior calculations were correct and that she had the right to a hearing by an ALJ if she disagreed with the decision.[7] Rather than request a hearing within sixty days as the notice of reconsideration instructed, the plaintiff commenced this action on June 27, 1994.[8]

### II.

42 U.S.C. § 405(g) provides that:

2. On a motion to dismiss under Fed.R.Civ.P. 12(b)(1) challenging the district court's jurisdiction, the Court may resolve disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits. *See Antares Aircraft, L.P. v. Federal Republic of Nigeria*, 948 F.2d 90 (2nd Cir.1991), *vacated on other grounds,* —— U.S. ——, 112 S.Ct. 3020, 120 L.Ed.2d 892 (1992); *Chappelle v. Beacon Communications Corp.*, 863 F.Supp. 179, 181 (S.D.N.Y.1994); *Cohen v. Bane*, 853 F.Supp. 620, 623 (E.D.N.Y. 1994); *Hicks v. Brophy*, 839 F.Supp 948, 950 (D.Conn.1993).

In this case, the administrative record is not disputed, although it is not part of the complaint. The Commissioner has placed the relevant parts ·of that record before the Court in a Declaration of Joseph Ponton, sworn to on August 8, 1994 ("Ponton Decl."). The plaintiff has also placed extensive parts of that record before the Court as attachments to her opposition to the motion. The Court has relied on this undisputed administrative record in dismissing this action.

3. ALJ decision dated 3/11/91, Ponton Decl.Ex. 1.

4. Letter from C.W. Neyman to Sadie Mathews of 8/3/92 at 1, Ponton Decl.Ex. 2.

5. Letter from R. Webb, Claims Representative, Social Security Admin. to Mathews of 12/22/93, Ponton Decl.Ex. 3.

6. Ponton Decl.Ex. 4.

7. Ponton Decl.Ex. 5.

8. In the course of the present action, the Commissioner has represented that the Commissioner would treat the complaint in the present action as a request for a hearing so that the request would be timely and the plaintiff could proceed with that hearing if the present action were dismissed.

Any individual, after any *final* decision of the [Commissioner] made after a hearing in which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the [Commissioner] may allow.

42 U.S.C. § 405(g) (emphasis added). 42 U.S.C. § 405(h) provides:

(h) Finality of [Commissioner's] decision
The findings and decision of the [Commissioner] after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the [Commissioner] shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the [Commissioner], or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h).

■ It is well settled that under 42 U.S.C. §§ 405(g) and (h), judicial review of Social Security benefit determinations is limited to "final" decisions of the Commissioner made after a hearing, that available administrative procedures must be exhausted and that a final decision is a prerequisite for subject matter jurisdiction in the District Court. *See Califano v. Sanders,* 430 U.S. 99, 103 n. 3, 97 S.Ct. 980, 983 n. 3, 51 L.Ed.2d 192, 198 n. 3 (1977); *Ryan v. Bentsen,* 12 F.3d 245, 247 (D.C.Cir.1993); *Marcus v. Sullivan,* 926 F.2d 604, 612–14 (7th Cir.1991). A "final decision" consists of two components, a presentment requirement which is purely jurisdictional and cannot be waived, and an exhaustion requirement which can be waived. *Ryan,* 12 F.3d at 247; *see also, Willis v. Sullivan,* 931 F.2d 390, 396–97 (6th Cir.1991). The Commissioner does not dispute that the plaintiff has fulfilled the presentment requirement in the present case because she plainly filed her claim for benefits.

■ However, the claimant did not obtain a final decision of the Commissioner and did not exhaust her administrative remedies.

Following the initial determination of her claim, the plaintiff has the opportunity to seek a hearing before an ALJ, 20 C.F.R. §§ 404.933, 404.936, 404.955, and to have that determination reviewed by the Appeals Council. 20 C.F.R. § 404.968. A determination is only final after the Appeals Council has denied review or decided the case after review. 20 C.F.R. § 404.981. It is at that point that there is a final decision subject to judicial review under 42 U.S.C. § 405(g). In this case, because the plaintiff did not seek a hearing before the ALJ, and did not pursue any possible appeal to the Appeals Council, the plaintiff failed to obtain a final decision subject to judicial review and failed to exhaust her administrative remedies. *See Willis,* 931 F.2d at 397.

■ The exhaustion requirement can be waived by the Commissioner, or, in appropriate circumstances, by the Court. *City of New York v. Heckler,* 742 F.2d 729, 736 (2nd Cir.1984). The Commissioner has not waived the exhaustion requirement in this case and urges that the complaint be dismissed for failure to exhaust administrative remedies. A waiver of the exhaustion requirement would not be appropriate in this case:

A waiver of the exhaustion requirement may be inferred where the plaintiffs' legal claims are collateral to their demand for benefits, where exhaustion would be a pro forma or futile gesture, or where the harm suffered in the interim would be irreparable in the sense that no post hoc relief would be adequate.

*Smith v. Schweiker,* 709 F.2d 777, 780 (2nd Cir.1983) (citing *Mathews v. Eldridge,* 424 U.S. 319, 330–331, 96 S.Ct. 893, 900–01, 47 L.Ed.2d 18 (1976)); *see also Abbey v. Sullivan,* 978 F.2d 37, 44 (2d Cir.1992); *New York v. Sullivan,* 906 F.2d 910, 918 (2d Cir.1990). Waiver is an exception to the general rule that the claimant must exhaust the claimant's administrative remedies. *Abbey,* 978 F.2d at 44. None of the standards for waiver are satisfied in this case.

■ The plaintiff's claims are not collateral to her request for benefits but are in fact a direct request for benefits and a complaint concerning allegedly improper deductions.

There is no reason to believe that the exhaustion of administrative remedies would be futile. The plaintiff's present claim has yet to be heard before an ALJ and the facts developed at a hearing may result in the plaintiff receiving the full amount of her claimed benefits. *See Smith,* 709 F.2d at 780. In any event, the administrative agency should be afforded the opportunity to decide the claim finally in the first instance and to explain the reasons for its decision.

Finally, exhaustion of administrative remedies would not cause irreparable harm. This case concerns the amount of retroactive benefits that the plaintiff claims and whether those retroactive payments should be reduced. There is no proffered evidence of physical harm or evidence of the type of harm that would rise to the level of irreparable injury to excuse the exhaustion requirement. *See New York v. Sullivan,* 906 F.2d at 918.

Thus, there is no basis to waive the general rule requiring the claimant to obtain a final decision from the Commissioner and to exhaust the administrative remedies provided by the Commissioner before this Court has jurisdiction over the matter.

### III.

For all of the reasons explained above, the Court finds that it does not have jurisdiction over this case. The defendant's motion to dismiss for lack of subject matter jurisdiction is therefor granted. The dismissal of this action is stayed for thirty days to assure that the plaintiff will be able to continue with her claim before the Commissioner.[9]

**SO ORDERED.**