**Emelinda PEREZ, Plaintiff–Appellant,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant– Appellee.**

**No. 01–6031.**

United States Court of Appeals, Second Circuit.

Nov. 21, 2001.

Emelinda Perez, New York, NY, pro se.

Lorraine S. Novinski and Kay K. Gardiner, Assistant United States Attorneys; Mary Jo White, United States Attorney for the Southern District of New York, on the brief, New York, NY, for appellee.

Present CARDAMONE, FEINBERG, and SOTOMAYOR, Circuit Judges.

Plaintiff-appellant Emelinda Perez, *pro se*, filed a complaint in the district court in December 1999, seeking judicial review of a November 9, 1999 decision by an administrative law judge ("ALJ") denying her application for supplemental security income ("SSI") benefits. She subsequently moved for a preliminary injunction seeking an award of interim benefits pending a final determination of her disability claim. The district court denied this motion. Moreover, on November 2000, the district court granted the Social Security Administration's ("SSA") motion to dismiss her complaint for lack of subject matter jurisdiction, because she had failed to exhaust her administrative remedies. Perez appeals from both of these orders. We find no error in the district court's orders and therefore affirm.

Perez filed her complaint while her request for review of the ALJ's decision was still pending before the Appeals Council. Appellant has therefore failed to exhaust her administrative remedies and, as a consequence, the district court lacks subject matter jurisdiction over her claim. *See* 42 U.S.C. § 405(g) (to be entitled to judicial review, a claimant must exhaust administrative remedies by obtaining a final decision from the Commissioner); *Mathews v. Chater*, 891 F.Supp. 186, 188 (S.D.N.Y. 1995) (holding that a determination is only final after the Appeals Council has denied review or decided the case after review), *aff'd*, 101 F.3d 681 (2d Cir.1996) (table).

This Court reviews an order granting or denying a preliminary injunction for an

abuse of discretion. *See Forest City Daly Hous., Inc. v. Town of North Hempstead,* 175 F.3d 144, 149 (2d Cir.1999). The Social Security Act ("the Act") authorizes the payment of SSI benefits on an interim basis only if (1) an individual applying for SSI based on disability is determined to be presumptively disabled and otherwise eligible for SSI, *see* 42 U.S.C. § 1383(a)(4)(B); (2) an ALJ has determined that a claimant is entitled to benefits, and the Commissioner's final decision is not issued within 110 days, *see* 42 U.S.C. § 1383(a)(8)(A); or (3) a hearing is pending with respect to whether SSI benefits should have been terminated, *see* 42 U.S.C. § 1383(a)(7)(A).

The district court did not abuse its discretion in denying appellant's motion for a preliminary injunction when the SSA had not yet determined whether appellant was "disabled" within the meaning of the Social Security Act, and there was no claim that she was presumptively disabled. *See Fitzgerald v. Apfel,* 148 F.3d 232, 234–35 (3rd Cir.1998) (holding that district court lacked jurisdiction over claim for interim benefits during pendency of administrative proceedings); *Doughty v. Bowen,* 839 F.2d 644, 647 (10th Cir.1988) (holding that district court cannot order payment of interim benefits on remand where claimant was initially denied benefits and had never obtained a final judgment finding him disabled); *Taylor v. Heckler,* 769 F.2d 201, 202 (4th Cir.1985) (holding that district court lacked authority to award interim benefits to claimant during pendency of district court's remand of action, after initial denial of benefits).

Accordingly, for the reasons discussed, the judgment of the district court is hereby AFFIRMED.