Jack R. SMITH, Plaintiff,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.

No. 02–CV–5678.

United States District Court, E.D. New York.

Nov. 29, 2003.

Jack R. Smith, Patchogue, NY, pro se.

Roslyn R. Mauskopf, United States Attorney, by: Assistant United States Attorney Charles P. Kelly, Central Islip, NY, for Defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

On October 25, 2002, Jack R. Smith ("Smith" or the "plaintiff"), proceeding *pro se,* filed this action seeking judicial review of the August 20, 2001 denial by the Bureau of Disability Insurance of the Social Security Administration ("SSA") of his claims for a period of disability, disability insurance benefits, and supplemental security income. Presently before the Court is a motion by Jo Anne B. Barnhart, the Commissioner of Social Security (the "Commissioner"), to dismiss the plaintiff's action based on a lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. ("Fed. R. Civ.P"). In particular, the Commissioner claims that the plaintiff failed to exhaust his administrative appeal remedies with respect to his claim for benefits. Therefore, says the Commissioner, he has not received a "final decision" of the Commissioner that is required to obtain judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3).

## I. BACKGROUND

The facts are taken from the complaint unless otherwise noted. The plaintiff alleges that he became entitled to receive insurance benefits and/or Supplemental Security Income benefits by virtue of a July, 1997 accident in which he became "severely disabled [,] physically [and] mentally." Compl. ¶ 5. Thereafter, on February 7, 2001, the plaintiff filed applications for disability insurance benefits and supplemental security income. Aumont Aff. ¶ 3(a). These applications were denied on August 20, 2001. *Id.* The plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). On August 13, 2002 a hearing was held. *See id.; see also* Comm's. Ex.1, p. 4.

However, on October 25, 2002, prior to the issuance of the ALJ's decision, the plaintiff commenced this action. Subsequent to the filing of this action, on November 25, 2002, the ALJ issued a partially favorable decision granting the plaintiff supplemental security income benefits. Aumont Aff., Ex. 1. Although the complaint states that the plaintiff requested a review by the Appeals Council which was denied on August 25, 2002, a review of the claim file and of the electronic case control system maintained by the Office of Appellate Operations does not show that the plaintiff had requested that the ALJ's November 25, 2002 decision be reviewed by the Appeals Council. *Id.* ¶ 3(b).

It is therefore clear that the plaintiff had not received a final decision from the Commissioner when he commenced this action. Presently before the Court is the Commissioner's motion to dismiss the plaintiff's complaint pursuant to Rule 12(b)(1) on the ground that the Court lacks subject matter jurisdiction over this action.

## II. DISCUSSION

### A. The Rule 12(b)(1) Standard of Review

Rule 12(b)(1) provides for the dismissal of a claim where a federal court "lacks jurisdiction over the subject matter" of the action. In considering a Rule 12(b)(1) motion, a court must assume that all factual allegations in the complaint are true and must draw all reasonable inferences in the light most favorable to the plaintiff. *See Shipping Fin. Servs. Corp. v. Drakos,* 140 F.3d 129, 131 (2d Cir.1998); *see also Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.,* 968 F.2d 196, 198 (2d Cir.1992). "However, argumentative inferences favorable to the party asserting jurisdiction should not be drawn." *Atlantic Mut. Ins.,* 968 F.2d at 198 (citations omitted).

In support of its motion, the Commissioner submits an affidavit by Jean–Claude Aumont, Acting Chief, Court Case Preparation and Review Branch 1 of the Office of Appellate Operations, Office of Hearings and Appeals, Social Security Administration (the "Aumont Aff."). The Commissioner also submitted other exhibits which were not included in the complaint. The Court may consider this material because "[o]n a motion under [Rule] 12(b)(1) challenging the district court's subject matter jurisdiction, the court may resolve disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits." *Antares Aircraft, L.P. v. Federal Republic of Nigeria,* 948 F.2d 90, 96 (2d Cir.1991), *vacated for reconsideration on other grounds,* 505 U.S. 1215, 112 S.Ct. 3020, 120 L.Ed.2d 892 (1992), *reaff'd on remand,* 999 F.2d 33 (2d Cir.1993), *cert. denied,* 510 U.S. 1071, 114 S.Ct. 878, 127 L.Ed.2d 74 (1994); *see also Alonso v. Saudi Arabian Airlines Corp.,* No. 98 Civ. 7781, 1999 WL 244102, at *1 (S.D.N.Y. April 23, 1999).

### B. The Exhaustion Requirement

A district court's subject matter jurisdiction over the denial of Social Security disability benefits is limited. The Court has jurisdiction exclusively pursuant to section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), which provides:

> Any individual, after an final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

In addition, 42 U.S.C. § 405(h) provides:

> (h) Finality of Commissioner's decision
>
> The findings and decision of the [Commissioner] after a hearing shall be binding upon all individuals who were parties to such hearing. *No findings of fact or decision of the [commissioner] shall be reviewed by any person, tribunal, or governmental agency except as herein provided.* No action against the United States, the [Commissioner], or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h) (emphasis added). Thus, unless the plaintiff complies with section 405(g), the Court will not have subject matter jurisdiction over this matter.

The term "final decision" as set forth in 42 U.S.C. § 405(g), is undefined in the Act. However, the Social Security regulations explicitly set forth the administrative remedies available to an aggrieved claimant. *See* 20 C.F.R. § 404.900(a). Under the Social Security Administration regulations, following the initial determination of his

claim, the plaintiff has the opportunity to seek a hearing before an ALJ, 20 C.F.R. §§ 404.933, 404.936, 404.955, and to have that determination reviewed by the Appeals Council. 20 C.F.R. § 404.968; *see also Mathews v. Chater*, 891 F.Supp. 186 at 188. The Appeals Council may either grant the request for review and issue its own decision or deny the request for review and allow the ALJ's decision to stand as the final decision of the Commissioner. *See* 20 C.F.R. § 404.981. After receiving the "final decision" of the Appeals Council, the claimant may then properly seek judicial review of this decision by filing an action in federal district court within sixty days after receiving notice of the Appeals Council's action. *Id.; see also* 42 U.S.C. § 405(g).

■ Thus, under the Act and the regulations a claimant may only seek judicial review from a district court if he completes the administrative appeals process and receives either (1) a decision by the Appeals Council or (2) a notice from the Appeals Council denying the claimant's request for review. *Id.* "It is well settled that under 42 U.S.C. §§ 405(g) and (h), judicial review of Social Security benefit determinations is limited to 'final' decisions of the Commissioner made after a hearing[;] that available administrative procedures must be exhausted and that a final decision is a prerequisite for subject matter jurisdiction in the District Court." *Mathews v. Chater*, 891 F.Supp. 186, 188 (S.D.N.Y.1995) (citations omitted); *see also Stoothoff v. Apfel*, 98 Civ. 5724, 1999 WL 493356, at *2 (S.D.N.Y. July 12, 1999).

■ Here, the plaintiff commenced this action before the ALJ issued an opinion with regard to the August 13, 2002 hearing. Although the ALJ issued an opinion on November 25, 2002 after this action was commenced, the plaintiff failed to request Appeals Council Review. Therefore, there is no "final decision" for this Court to review. *See* 42 U.S.C. §§ 405(g) and (h).

Furthermore, the plaintiff fails to present any facts which entitle him to a waiver of the exhaustion requirement. *See Smith v. Schweiker*, 709 F.2d 777, 780 (2d Cir. 1983) (Stating that "[a] waiver of the exhaustion requirement may be inferred where the plaintiffs' legal claims are collateral to their demand for benefits, where exhaustion would be a pro forma or futile gesture, or where the harm suffered in the interim would be irreparable in the sense that no post hoc relief would be adequate."); *see also Mathews*, 891 F.Supp. at 188 (citations omitted).

Accordingly, the Court is without jurisdiction to review either the SSA's August 20, 2001 denial of the plaintiff's claims for a period of disability, disability insurance benefits, and supplemental security income or the ALJ's November 25, 2002 decision. Accordingly, the Commissioner's motion to dismiss the complaint for lack of subject matter jurisdiction is granted.

## III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that the motion to dismiss the complaint against Jo Anne B. Barnhart, Commissioner of Social Security is **GRANTED;** and it is further

**ORDERED,** that the complaint is dismissed; and it is further

**ORDERED,** that the Clerk of the Court is directed to close this case.

**SO ORDERED.**