**Edward OSTROVSKY, Plaintiff–Appellant,**

v.

**Larry G. MASSANARI, Acting Commissioner, Social Security Administration, Defendants–Appellees.**

**No. 02–6279.**

United States Court of Appeals, Second Circuit.

Dec. 5, 2003.

---

Edward Ostrovsky, Mount Kisco, NY, for Appellant, pro se.

Susan D. Baird, Assistant United States Attorney (Meredith E. Kotler, Assistant United States Attorney, on the brief) for James Comey, United States Attorney for the Southern District of New York, New York, NY, for Defendants–Appellees.

Present: FEINBERG, Circuit Judge, WEXLER, District Judge.*

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED AND DE-CREED that the judgment of the District Court be, and it hereby is, AFFIRMED.

Plaintiff-appellant Edward Ostrovsky appeals from a judgment of the United States District Court for the Southern District of New York (Richard M. Berman, *Judge*) dismissing Ostrovsky's disability benefits claim with prejudice, dismissing his retirement benefits claim without prejudice, and dismissing the complaint. The district court, upon a report and recommendation ("R&R") by the magistrate judge, concluded that the Social Security Administration's ("SSA") decision terminating Ostrovsky's disability benefits following a hearing was supported by sub-

---

\* Of the United States District Court for the Eastern District of New York, sitting by designation. The third member of the panel, Judge Robert D. Sack, United States Court of Appeals for the Second Circuit, recused himself from further consideration of this appeal immediately following oral argument. The remaining panelists, who are in agreement, have decided the case pursuant to 2d Cir. R. § 0.14(b).

stantial evidence, and that Ostrovsky failed to exhaust administrative remedies regarding his retirement benefits.

Ostrovsky began receiving Social Security disability benefits in December 1986. In February 1998, the SSA notified Ostrovsky that his case was being reviewed to determine whether he should continue to receive disability benefits based on earnings for 1989, 1992, 1994 and 1995 that suggested he was engaged in substantial work. In September 1998, after an investigation, Ostrovsky's disability benefits were terminated as of January 1994 because he had exhausted his "trial work period" and thereafter performed "substantial gainful activity." Ostrovsky appealed the termination of benefits, claiming he was still disabled and, although he had worked in 1994 and 1995, he did not perform substantial gainful activity in 1989. The SSA, upon reconsideration, upheld the termination of benefits.

In October 1998, Ostrovsky requested a hearing before an administrative law judge ("ALJ"). A hearing was held in April 1999, with Ostrovsky represented by counsel. In February 2000, the ALJ issued a decision concluding that Ostrovsky's disability benefits were properly terminated. The ALJ found that Ostrovsky earned the approximately $8,700 posted to his earnings record for 1989. The ALJ rejected Ostrovsky's claim that he was so incapacitated in 1989 that he could not have earned any income, although the ALJ did acknowledge the seriousness of Ostrovsky's medical condition, which included hospitalization in 1986 and 1987 for an existing heart condition and several days of hospitalization in July 1989 and September 1989 for complaints of chest pain. The ALJ further found that Ostrovsky did not perform substantial gainful activity from January 1990 through 1993, apparently following heart surgery in December 1989,

therefore entitling him to benefits for that period. However, the ALJ found that Ostrovsky resumed substantial gainful activity in January 1994, terminating his eligibility for benefits as of that date. Finally, the ALJ found that Ostrovsky was overpaid for all benefits received from January 1994 through September 1998.

As for the $8,700 earned in 1989, Ostrovsky maintained that those earning belonged to his wife. However, as evidence of his wife's earnings, Ostrovsky submitted a Form 1099 for 1989 showing that his wife earned $14,000, but he did not explain how her earnings were actually only $8,700. In addition, Ostrovsky testified that he had requested a copy of his 1989 joint income tax return form the IRS. He asserted that the tax return would show that his wife earned the $8,700 from Tarrytown Metsortina Conservatory, where she worked as a dance teacher. The ALJ attributed the $8,700 in earnings to Ostrovsky, noting that Ostrovsky failed to produce the 1989 tax return despite having sufficient opportunity to do so during the nine-month period between the hearing and decision, and that Ostrovsky did not attribute those earnings to his wife in submissions to the SSA in 1998, but maintained simply that he did not work in 1989.

During the administrative proceedings, Ostrovsky submitted a "Notice of Award," dated May 12, 1999, from the SSA approving his application for retirement benefits. The notice provided, however, that based on Ostrovsky's estimated earnings of $99,999 for 1999, all of those benefits for that year were being withheld. The notice advised Ostrovsky of his right to appeal that decision within 60 days, and explained that he must "ask for an appeal in writing" and complete a form called "Request for Reconsideration." The notice also referenced Ostrovsky's entitlement to Medicare. Ostrovsky did not file an ap-

peal. By letter dated October 29, 1999, the SSA advised Ostrovsky that, despite the reference to Medicare in the May 12 notice, Ostrovsky was not entitled to Medicare. Ostrovsky submitted a November 16, 1999 letter to the SSA contesting the SSA's determination, but there is no indication in the record of any further proceedings concerning the retirement benefits. Moreover, Ostrovsky did not raise any arguments at the hearing concerning the retirement benefits, and the ALJ did not address that matter.

In April 2000, Ostrovsky requested review by the Appeals Council of the ALJ's decision. In February 2001, the Appeals Counsel denied that request and the ALJ's decision became the SSA's final decision.

Ostrovsky filed an action in the district court challenging the SSA's decision terminating his disability benefits and its decision to withhold retirement benefits for 1999. Upon the R & R of the magistrate judge, the district court upheld the SSA's decision terminating Ostrovsky's disability benefits as supported by substantial evidence, and dismissed Ostrovsky's retirement benefits claim for failure to exhaust administrative remedies. The district court entered judgment and later denied Ostrovsky's motion for reconsideration. This appeal followed.

In his *pro se* brief, Ostrovsky argues that the SSA erred in terminating his disability benefits because he did not work in 1989 and the $8,700 in income should have been attributed to his wife. Ostrovsky claims (1) that he learned that the ALJ requested the 1989 tax return only after receiving the ALJ's decision; (2) that his counsel was negligent in failing to provide the tax return to the ALJ; (3) that he was "dying" in 1989, having had four heart attacks that year; and (4) that his retirement benefits should not have been withheld because the records do not reflect

that he earned $99,999 in 1999. Prior to oral argument, Ostrovsky submitted to the panel a May 23, 2003 letter from the IRS to Ostrovsky and his wife, purportedly showing that his wife earned the $8,700 reported in his earnings record for 1989 (the "IRS letter").

At oral argument, Ostrovsky submitted to the panel a two-page computer printout that was referenced in the IRS letter as an attached "record of account." The IRS letter and attached record of account show that Ostrovsky's wife earned the $8,700 in 1989. Following argument, we reserved decision.

On appeal from a district court's review of the SSA's decision, "we review the administrative record *de novo* to determine whether there is substantial evidence supporting the [SSA's] decision and whether the [SSA] applied the correct legal standard." *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002). "Substantial evidence" is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). Upon review of the record, we affirm.

■ As for the decision terminating benefits, we agree with the district court that the decision was supported by substantial evidence. The evidence was sufficient for the ALJ to conclude that the 1989 earnings of $8,700 were properly posted to Ostrovsky's account, particularly given the absence of contrary evidence. Moreover, Ostrovsky's medical condition in 1989, though serious, was not such that he was incapable of performing substantial gainful activity during that year. According to the medical evidence, after Ostrovsky was

hospitalized in 1986 and 1987 for his existing coronary artery disease, he was "virtually asymptomatic except for very rare random episodes of chest discomfort." Appendix for Defendants–Appellees, at DA 230. He was not hospitalized again for that condition until July 1989 and September 1989, and then only for several days with complaints of chest pain. Accordingly, the decision terminating benefits is supported by substantial evidence.

■ As for Ostrovsky's submission of the IRS letter and record of account, Ostrovsky fails to establish sufficient grounds for requiring remand to the SSA to consider this purportedly new evidence. This Court has held that remand to the SSA to consider additional evidence is proper only upon a showing that (1) the proffered evidence is new and not merely cumulative of what is already in the record; (2) the evidence is material, that is, both relevant and probative, such that there is a reasonable possibility that the new evidence would have influenced the agency to decide differently; and (3) there was good cause for the claimant's failure to present the evidence earlier. *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir.1988). To show good cause under the third prong of this test, the claimant must "adequately explain [his] failure to incorporate the proffered evidence into the administrative record." *Lisa v. Sec'y of HHS*, 940 F.2d 40, 45 (2d Cir.1991). In other words, he must establish "good cause for failing to produce and present the evidence at that time." *Id.*

Even though the IRS letter and record of account support Ostrovsky's claim that his wife earned the $8,700 in 1989, he has not shown "good cause" for failing to submit this evidence earlier. The ALJ at the hearing specifically asked Ostrovsky about the 1989 tax return. Ostrovsky was given the opportunity to provide evidence that the $8,700 was his wife's income, and was informed that he could subpoena any documents that would support his claim. Nevertheless, during the nine-month period between the hearing and the issuance of the ALJ's decision, Ostrovsky never provided any evidence substantiating his claims regarding the 1989 tax return to the ALJ; he did not provide such evidence to the district court either. Ostrovsky has not explained why, given ample opportunity to produce the evidence, he has not done so until now, four years after his hearing before the ALJ. Moreover, remand to the district court for its consideration of this issue is unnecessary, given the district court's determination that Ostrovsky failed to show good cause for not providing the 1989 tax return to the ALJ even though he was represented by counsel and the ALJ inquired about it at the hearing. This Court finds no basis for treating the present submissions differently from the 1989 tax return. Accordingly, because Ostrovsky fails to show "good cause" for not submitting this evidence earlier, his implicit request for a remand is denied.

■ As for the decision dismissing Ostrovsky's retirement benefits claim for failure to exhaust administrative remedies, Ostrovsky provides no basis for upsetting that decision, and we find none. Because Ostrovsky failed to exhaust administrative remedies, the district court lacked subject matter jurisdiction and properly dismissed the claim. *See* 42 U.S.C. § 405(g) (to be entitled to judicial review, a claimant must exhaust administrative remedies by obtaining a final decision from the Commissioner); *Mathews v. Chater*, 891 F.Supp. 186, 188 (S.D.N.Y.1995) (holding that a determination is only final after the Appeals Council has denied review or decided the case after review), *aff'd*, 101 F.3d 681 (2d Cir.1996) (table).

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.