Walter N. IWACHIW, Plaintiff–
Appellant,

v.

Larry G. MASSANARI, Commissioner,
Social Security Administration,
Defendant–Appellee.

No. 03–6218.

United States Court of Appeals,
Second Circuit.

Jan. 28, 2005.

Walter N. Iwachiw, Sunnyside, New York, for Appellants, pro se.

Varuni Nelson, Assistant United States Attorney, Eastern District of New York, (Kathleen A. Mahoney and Kelly C. Horan, Assistant United States Attorneys,), for Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, for Appellees, of counsel.

Present: OAKES, RAGGI, and WESLEY, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's judgment of dismissal, entered on August 25, 2003, is hereby AFFIRMED.

Plaintiff-appellant Walter N. Iwachiw, who challenges an Administrative Law Judge's ["ALJ"] decision denying him Supplemental Security Income pursuant to Title XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq.*, appeals the district court's dismissal of his complaint for lack of subject matter jurisdiction, *see* Fed.

R.Civ.P. 12(b)(1), as well as its denial of his motion for an injunction ordering defendant Commissioner to pay him interim benefits. We review an order of dismissal for lack of subject matter jurisdiction *de novo, see, e.g., Makarova v. United States,* 201 F.3d 110, 113 (2d Cir.2000), and denial of injunctive relief for abuse of discretion, *see Kamerling v. Massanari,* 295 F.3d 206, 214 (2d Cir.2002). We assume the parties' familiarity with the facts and the record of proceedings, which we reference only as necessary to explain our decision to affirm.

1. *Subject Matter Jurisdiction*

Iwachiw submits that the district court erred in concluding that it lacked subject matter jurisdiction because he had failed to exhaust administrative remedies before initiating his civil action. We disagree.

Pursuant to 42 U.S.C. § 405(g), an individual must obtain a "final decision of the Commissioner" before a federal court can review Social Security benefit determinations. *See Heckler v. Ringer,* 466 U.S. 602, 617, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984); *Califano v. Sanders,* 430 U.S. 99, 108, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). The requirement of a "final decision" has two components: (1) a non-waivable requirement that a claim for benefits has been presented to the Secretary, and (2) a waivable requirement that the administrative remedies prescribed by the Secretary have been exhausted. *City of New York v. Heckler,* 742 F.2d 729, 734 (2d Cir.1984), *aff'd sub nom. Bowen v. City of New York,* 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). The term "final decision" is not defined in the Social Security Act. It has, however, been construed by the Commissioner through a series of regulations setting forth a detailed administrative process. *See Weinberger v. Salfi,* 422 U.S. 749, 766, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975) (holding that definition of the term

"final decision" has been "left to the [Commissioner] to flesh out by regulation"). Under those regulations, an individual claiming entitlement to Social Security benefits receives an initial agency determination. 20 C.F.R. § 404.902, § 416.1402. If dissatisfied, claimant may request a hearing before an ALJ. 20 C.F.R. § 404.929, § 416.1429. If the ALJ renders a decision unfavorable to the claimant, further review may be sought from the Appeals Council. 20 C.F.R. § 404.967, § 416.1467. The Commissioner's decision does not become "final" until "after the Appeals Council has denied review or decided the case after review." *Mathews v. Chater,* 891 F.Supp. 186, 188 (S.D.N.Y. 1995), *aff'd,* 101 F.3d 681 (2d Cir.1996) (table); *see* 20 C.F.R. § 404.981, § 416.1481.

■ When Iwachiw filed his complaint on October 24, 2001, the Commissioner had made no final decision in his case. Indeed, the previous month, by order dated September 18, 2001, the Appeals Council vacated the ALJ's decision denying Iwachiw's benefits claim and remanded the case for further proceedings. *See generally Weeks v. Social Sec. Admin. Com'r,* 230 F.3d 6, 7 (1st Cir.2000) (noting that Appeals Council's order vacating ALJ's decision and remanding for further proceedings is not an appealable "final decision"); *accord Culbertson v. Shalala,* 30 F.3d 934, 937 n. 3 (8th Cir.1994); *Duda v. Sec'y of Health and Human Servs.,* 834 F.2d 554, 555 (6th Cir.1987); *see also Harper v. Bowen,* 854 F.2d 678, 680 (4th Cir.1988) (remand orders in social security cases are generally not final, appealable orders). Thus, because Iwachiw's appeal was not from a final decision of the Commissioner, the district court correctly concluded that it lacked jurisdiction to hear his suit. *See*

*Weinberger v. Salfi,* 422 U.S. 749, 764, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975).

### 2. *Injunctive Relief and Other Claims*

■ The court's lack of subject matter jurisdiction also precluded it from granting Iwachiw's motion for interim injunctive relief. *See DiLaura v. Power Auth. of State of N.Y.,* 982 F.2d 73 (2d Cir.1992) (holding that lack of subject matter jurisdiction precluded court from awarding injunctive relief as well as damages); *see also Fitzgerald v. Apfel,* 148 F.3d 232, 234–35 (3d Cir.1998) (holding that district court lacked jurisdiction over claim for interim Social Security benefits during pendency of administrative proceedings); *Doughty v. Bowen,* 839 F.2d 644, 647 (10th Cir.1988) (same); *Taylor v. Heckler,* 769 F.2d 201, 202 (4th Cir.1985) (same).

Indeed, we conclude that lack of jurisdiction precludes federal court consideration of other related issues that Iwachiw attempts to raise on this appeal, including his arguments regarding the death of his domestic partner, district court orders in unrelated cases, unspecified conflicts of interest, and class action allegations for similarly situated Social Security clients.

Accordingly, the district court's August 25, 2003 judgment dismissing this case is hereby AFFIRMED.