

1998 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-8-1998

# Fitzgerald v. Apfel

Precedential or Non-Precedential:

Docket 97-1605

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1998

Recommended Citation

"Fitzgerald v. Apfel" (1998). *1998 Decisions*. Paper 135.
http://digitalcommons.law.villanova.edu/thirdcircuit_1998/135

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1998 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed June 8, 1998

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 97-1605

KATHLEEN FITZGERALD,
        Appellant

v.

KENNETH S. APFEL*
Commissioner of Social Security

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 97-cv-2508)

Argued: March 13, 1998

Before: Stapleton, and Alito, Circuit Judges, and O'Kelley,
Senior District Judge**

(Opinion Filed: June 8, 1998)

        Robert Savoy (Argued)
        Three Neshaminy Interplex,
         Suite 301
        Trevose, PA 19053
        Counsel for Appellant

_____

* Kenneth S. Apfel was sworn in as Commissioner of Social Security on
September 29, 1997. Pursuant to Rule 43(c)(1) of the Federal Rules of
Appellate Procedure, Kenneth S. Apfel is substituted for John J.
Callahan as the defendant in this suit.

** The Honorable William O'Kelley, United States Senior District Judge
for the Northern District of Georgia, sitting by designation.

Michael R. Stiles, U.S. Attorney
Eastern District of Pennsylvania
Joan K. Garner, Ass't U.S. Attorney
Deputy Chief, Civil Division

Arthur J. Fried, General Counsel
Charlotte Hardnett, Principal Deputy
General Counsel
John M. Sacchetti, Acting Associate
 General Counsel
M. Ashley Harder (Argued)
Office of the General Counsel
Social Security Administration
6401 Security Boulevard
Room 651 Altmeyer Building
Baltimore, Maryland 21235

Counsel for Appellee

OPINION OF THE COURT

ALITO, Circuit Judge:

Appellant Kathleen Fitzgerald appeals from the dismissal
of her complaint against Kenneth S. Apfel, the
Commissioner of Social Security, by the district court. The
district court held that: it lacked subject matter jurisdiction
over her claim for benefits; interim benefits were not
authorized by statute; and Fitzgerald's due process claim
failed on the merits. On appeal, Fitzgerald argues that the
district court erred in concluding that interim benefits are
unavailable and that her due process claim failed to state
a claim upon which relief could be granted. Because we
find that the district court did not have jurisdiction over
Fitzgerald's claim for interim benefits, we will affirm the
dismissal of her complaint.1

_____

1. Although Fitzgerald did not raise the issue on appeal, we note that the
district court correctly determined that it lacked jurisdiction over her
claim for disability benefits for the same reasons as it lacked
jurisdiction
over her claim for interim benefits, as will be discussed infra.

2

I.

Kathleen Fitzgerald applied for supplemental social security income and disability insurance benefits on July 16, 1993, and August 31, 1993, respectively. Fitzgerald's claims were denied initially and on reconsideration. Fitzgerald filed a timely request for a hearing on October 24, 1994.

A hearing was held before an administrative law judge ("ALJ") on July 18, 1995. The ALJ issued a decision on March 18, 1996, finding that Fitzgerald was not disabled. On March 20, 1996, Fitzgerald requested review from the Appeals Council. In her letter to the Appeals Council, counsel requested that "this claim be treated as one involving CRITICAL NEED and that the matter raised below be considered as expeditiously as possible." (App. at 8). Counsel did not elaborate on this request.

On November 29, 1996, Fitzgerald's counsel sent another letter to the Appeals Council, stating that "[m]y client Kathleen Fitzgerald is in desperate financial need. I requested review on her behalf more than eight months ago. I have heard nothing from you about the matter." (App. at 10). Having not heard from the Appeals Council, Fitzgerald began the present action on April 16, 1997.[2]

In her complaint, Fitzgerald alleged that she was disabled and entitled to disability insurance benefits and supplemental security income. She further alleged that she was in dire financial straits due to the extensive delay in deciding her application. Fitzgerald claimed that the failure of the Appeals Council to rule on her request for more than a year, despite the fact that she had informed them that she was destitute, constituted a constructive denial of her claim. She further alleged that the unreasonable delay violated her Due Process rights under the Fifth Amendment and the Social Security Act. Fitzgerald requested as relief:

_____

2. On June 27, 1997, the Appeals Council remanded Fitzgerald's application to the ALJ for further proceedings. A hearing was held on November 14, 1997. Fitzgerald's application was again denied on February 2, 1998. Counsel requested review by the Appeals Council on February 4, 1998. That request is still pending.

3

that the district court find that she was entitled to the benefits sought; interim benefits during the pendency of any further proceedings; and "such other relief as the court finds just and proper." (App. at 7). Fitzgerald filed a motion requesting interim benefits on May 2, 1997.

On July 24, 1997, the district court issued an order denying the motion for interim benefits. See Fitzgerald v. Callahan, No. Civ. A. 97-2508, 1997 WL 438483 (E.D. Pa. July 24, 1997). The district court held that interim benefits were not provided for by statute and that it lacked the equitable power to grant them. The court also dismissed Fitzgerald's claim for benefits for lack of subject matter jurisdiction, since she failed to exhaust her administrative remedies. Finally, the court found that Fitzgerald's due process claim failed to state a claim upon which relief could be granted. This appeal followed.

II.

On appeal, Fitzgerald argues that the district court erred in determining that interim benefits were not available and that her due process claim failed as a matter of law. She apparently concedes that the district court lacked jurisdiction over her claim of entitlement to final benefits. Because we find that the district court lacked jurisdiction to consider the availability of interim benefits, we need not decide whether such benefits are precluded by statute.

Jurisdiction over Social Security benefits cases is provided by 42 U.S.C. S 405(g), which provides, in relevant part: "[a]ny individual, after any final decision of the Secretary made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . ." Ordinarily, judicial review is barred absent a "final decision" by the Commissioner of Social Security. Mathews v. Eldridge, 424 U.S. 319, 328 (1976).

A final decision is "central to the requisite grant of subject matter jurisdiction." Id. The Supreme Court has stated that the "final decision" requirement

> consists of two elements, only one of which is purely "jurisdictional" in the sense that it cannot be waived by

4

the Secretary in a particular case. The waivable
element is the requirement that the administrative
remedies prescribed by the Secretary be exhausted.
The nonwaivable element is the requirement that a
claim for benefits shall have been presented to the
Secretary.

Id.

If a plaintiff 's claim is collateral to her claim for benefits,
exhaustion may be waived under certain circumstances.
See Bowen v. City of New York, 476 U.S. 467, 483 (1986).
"A claim is collateral if it is not essentially a claim for
benefits." Johnson v. Shalala, 2 F.3d 918, 921 (9th Cir.
1993) (citing Bowen, supra).

The district court lacked jurisdiction over Fitzgerald's
claim for interim benefits both because she failed to present
a demand for such benefits to the Commissioner and
because her claim is not collateral to a claim for benefits.
As to the former point, there is no indication in the record
that Fitzgerald ever requested interim benefits from the
Social Security Administration pending the outcome of the
proceedings. Although she presented a general claim of
disability, she did not address her claim of entitlement to
interim benefits due to the excessive delay to the
Commissioner. The failure to raise such a claim violates the
nonwaivable jurisdictional aspect of exhaustion and is fatal
to her claim.

Furthermore, the district court lacked jurisdiction over
Fitzgerald's claim for interim benefits because such a
demand is not collateral to her claim for final benefits.
Whether predicated on S 405(g) or on the due process
clause, it is beyond cavil that interim benefits are linked to
disability benefits. First, they are two forms of the same
entitlement. More importantly, Fitzgerald's claim to interim
benefits is linked to her entitlement to final benefits.
Indeed, Fitzgerald repeatedly emphasized in her briefs and
at argument that she was entitled to such benefits not just
because of the extensive delay, but also because of her
indigency and the merits of her case. Cf. Bush v. Shalala,
94 F.3d 40, 46 (2d Cir. 1996) ("absent a finding that the
claimant was actually disabled, delay alone is an

5

insufficient basis on which to remand for benefits;" discussing Kelly v. Railroad Ret. Bd., 625 F.2d 486, 491 (3d Cir. 1980)). Since we are unable to separate the merits of her claim for interim benefits from her claim forfinal disability benefits, the district court lacked jurisdiction to hear her claim for interim benefits absent a final decision by the Commissioner. Her motion was thus properly denied.3 Because we have determined that the federal courts lack jurisdiction to consider Fitzgerald's interim benefits claim, we need not decide whether such benefits are available under the Social Security statutory regime.

The district court may well have had jurisdiction over Fitzgerald's due process claim to the extent that she sought some other form of relief. In her complaint, Fitzgerald added a general request for "such other relief as the court finds just and proper" to her demands for final and interim benefits. We do not understand her to be asking for other equitable remedies such as injunctive relief mandating that the SSA promptly decide her application. No such request appeared in either her complaint or her appellate briefs. Counsel did indicate at argument that to the extent the Court denied Fitzgerald the relief that she sought, she would welcome some other form of equitable relief. Nevertheless, even if such a claim had been properly raised to the Court, it would be inappropriate in the present case. Although Fitzgerald's request for review by the Appeals Council had been pending for thirteen months at the time she filed the instant action, the Appeals Council subsequently ordered a remand to the ALJ. The ALJ rendered an unfavorable decision on February 4, 1998, and Fitzgerald's request for review is currently before the

_____

3. We note that in those cases where the court discussed the availability and appropriateness of interim benefits in initial determination cases, the court had jurisdiction under S 405(g) because, unlike the instant appeal, the Commissioner had rendered a final decision. See, e.g. Doughty v. Bowen, 839 F.2d 644 (10th Cir. 1988); Taylor v. Heckler, 769 F.2d 201 (4th Cir. 1985); Saltares v. Bowen, 711 F. Supp. 162 (S.D.N.Y. 1989); Davenport v. Bowen, 709 F. Supp. 634 (E.D. Pa. 1989); Mason–Page v. Bowen, 655 F. Supp. 255 (D.N.J. 1987); Weiser v. Secretary, HHS, 645 F. Supp. 602 (S.D.N.Y. 1986); Dandeneau v. Heckler, 607 F. Supp. 583 (D. Me. 1985).

Appeals Council. Under this factual scenario, individualized injunctive relief is unwarranted.

III.

We have considered Fitzgerald's arguments and we conclude that the district court lacked jurisdiction to consider her request for interim benefits. Because Fitzgerald's application is currently proceeding in a relatively timely manner before the Social Security Administration, other forms of injunctive relief are inappropriate. The judgment of the district court is therefore affirmed.4

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit
_____

4. Because we have limited our discussion to the jurisdictional aspects of this action, nothing in this opinion should be construed as expressing a view as to the merits of Fitzgerald's disability claim, or as to the availability of interim benefits in an appropriate case when the district court properly has jurisdiction.