OPINION
PER CURIAM.
Enriqueta B. Agcaoili appeals pro se from the order of the District Court dismissing her claims against Richard Thayer for lack of subject matter jurisdiction and entering summary judgment in favor of William Stanley. For the following reasons, we will affirm.
I.
Agcaoili was injured in 1995, retained Stanley (a lawyer) to file an application for Social Security benefits on her behalf, and received a fully favorable decision from an Administrative Law Judge in 1997. In 2008, she filed the complaint at issue here against Stanley and Thayer, a District Manager of the Social Security Administration (“SSA”). Agcaoili’s complaint is difficult to follow, but she alleges that her Social Security benefits have been improperly calculated and that she never received certain payments that the SSA claims to have made to her. She also alleges that Stanley coerced her into signing a fee agreement in 1995 and that he conspired with the SSA to reduce payments to her in order to receive his fee. Agcaoili purport *374 ed to bring suit under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), the Social Security Act, 42 U.S.C. § 405(g), and the Privacy Act, 5 U.S.C. § 552a(g)(5). She described her “causes of action” as “Fraud; harassment; conspiracy; retaliation, manipulation and falsification of records; obstruction of justice; discrimination; intentional infliction of physical, mental/emotional distress.” (Compl. at 2.) The only relief she sought was the payment of proper Social Security benefits plus interest, as well as damages for pain and suffering.
Stanley filed a motion for summary judgment, and Thayer filed a motion to dismiss for lack of subject matter jurisdiction or in the alternative for summary judgment. Agcaoili then sought leave to amend her complaint, which the District Court denied. By order entered April 30, 2009, the District Court dismissed Agcaoi-li’s claims against Thayer and granted summary judgment in favor of Stanley. Agcaoili appeals.[1]
II.
We will affirm substantially for the reasons stated by the District Court. Regarding Thayer, the District Court properly explained that Agcaoili alleged no conduct by Thayer individually and construed
her claims as claims against him in his official capacity — i.e., as claims against the United States. Whether construed as claims against Thayer individually or against the United States, however, they are barred as a matter of law. As the District Court explained, Agcaoili’s exclusive means of challenging the calculation and payment of her Social Security benefits lies under 42 U.S.C. § 405(g). Judicial review under that statute, however, “is barred absent a ‘final decision’ by the Commissioner of Social Security.” Fitzgerald v. Apfel, 148 F.3d 232, 234 (3d Cir.1998) (quoting Mathews v. Eldridge, 424 U.S. 319, 328, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)). There is no such decision here. An Administrative Law Judge issued a decision fully favorable to Agcaoili in 1997, but she is not challenging that decision (and any such challenge would be untimely, see 42 U.S.C. § 405(g)). Instead, she challenges the subsequent calculation and payment of her Social Security benefits. As the District Court explained, Agcaoili must complete the administrative review process before seeking judicial review of those issues.[2]
As the District Court further explained, all other potential claims against Thayer are barred by 42 U.S.C. § 405(h). That statute provides that “[n]o action against
*375 the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 133 or 1346 of Title 28 to recover on any claim arising under” Subchapter II of the Social Security Act, which provides for the payment of Social Security benefits. 42 U.S.C. § 405(h). See Weinberger v. Salfi, 422 U.S. 749, 760-61, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975); Fanning v. United States, 346 F.3d 386, 392-95 (3d Cir.2003). The Supreme Court has broadly construed this provision to bar claims, even if they might be said to arise under other laws as well, when the plaintiff seeks to recover Social Security benefits and the Social Security Act “provides both the standing and the substantive basis” for the claims. Weinberger, 422 U.S. at 760-61, 95 S.Ct. 2457. See also Schweiker v. Chilicky, 487 U.S. 412, 424, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988) (refusing to imply cause of action “for remedies in money damages against [Social Security] officials responsible for unconstitutional conduct that leads to the wrongful denial of benefits”). In this case, because all of Agcaoili’s claims against Thayer “aris[e] under” the Social Security Act, the District Court lacked jurisdiction to consider them.[3]
With regard to Stanley, the District Court liberally construed Agcaoili’s allegations to state a number of claims under state and/or federal law. The District Court correctly concluded that New Jersey’s two-year limitations period for personal injury claims applies to Agcaoili’s claims for harassment, intentional infliction of emotional distress, discrimination, retaliation, conspiracy, and obstruction of justice. See N.J. Stat. 2A:14-2; Roa v. Roa, 402 N.J.Super. 529, 955 A.2d 930, 935 (N.J.Super.Ct.App.Div.2008) (applying the two-year personal injury limitations period to claims under New Jersey’s anti-discrimination law); see also Cito v. Bridgewater Twp. Police Dep’t, 892 F.2d 23, 25 (3d Cir.1989) (New Jersey’s two-year limitations period for personal injury actions applies to civil rights claims under 42 U.S.C. § 1983 and § 1985). Because each of these claims arose out of Stanley’s representation of Agcaoili from 1995 to 1997, we agree with the Court that these claims are time-barred.
The District Court also correctly concluded that Agcaoili’s claim for fraud is time-barred. See N.J. Stat. 2A:14-2 (six-year limitations period applies to common law fraud claims). Although Agcaoili appears to argue that her claim did not accrue until May 2006, when she allegedly first learned that Stanley had received a fee payment from the SSA, we agree with the Court that Agcaoili’s assertion is contradicted by the record. In this case, Agcaoili alleges that she signed a fee agreement with Stanley in 1995, apparently under duress, and that Stanley collected $2,792.50 toward the fee in 1997. She attached to her complaint what appears to be a 2006 print-out of her 1997 Form SSA-1090 Social Security Statement showing that the SSA notified her of its payment to Stanley in 1997. In addition, Stanley submitted two 1997 letters from the SSA notifying Agcaoili that it had withheld $2,792.50 to pay Stanley (Appellees’ Appx. at 132-40), two 1997 letters from Stanley himself to Agcaoili explaining his receipt of the fee (id. at 142-43, 148), and a 1997 letter from Agcaoili acknowledging receipt of one of those letters (id. at 145-46). *376 Agcaoili does not dispute any of this evidence, and it clearly shows that she was aware of all material facts relevant to her fraud claim over ten years before filing her complaint.
We also agree that Agcaoili’s claim for “manipulation and falsification of records” is time-barred. Agcaoili appears to allege that the Fee Agreement was falsified because it bears the date of December 13, 1995 (the date on which it was executed), rather than the “accident date.” The District Court correctly noted that while forgery is a crime under New Jersey law, N.J. Stat. 2C:21-1, there is no express private right of action for forgery under New Jersey law. In any event, assuming arguendo that such a cause of action exists, Agcaoili’s claim is nonetheless time-barred, regardless whether the two-year or six-year limitations period applies.
Finally, the District Court did not abuse its discretion in denying Agcaoili leave to amend. Agcaoili’s proposed amended complaint included no new material allegations, and sought only to add as defendants various employees of the SSA, as well as Treasury Secretary Timothy Geith-ner. The proposed amended complaint does not state any cognizable claims against these individuals.
Accordingly, we will affirm the judgment of the District Court. Agcaoili’s motions to stay this appeal, “preclude” Stanley’s counsel, “separate appellees” and “amend to criminal actions” are denied.

. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court’s entry of summary judgment, see Torretti v. Main Line Hosps., Inc., 580 F.3d 168, 172 (3d Cir.2009), and dismissal for lack of subject matter jurisdiction, see USX Corp. v. Adriatic Ins. Co., 345 F.3d 190, 198-99 (3d Cir.2003). We review the denial of leave to amend a complaint for abuse of discretion. See Bjorgung v. Whitetail Resort, LP, 550 F.3d 263, 266 (3d Cir.2008). We may affirm on any grounds supported by the record. See Torretti, 580 F.3d at 172.

. Agcaoili's complaint references what she calls "appeals” that she filed with the "Pay Center” in 1996, which she alleges have "stayed at the Pay Center, without any result.” (Compl. at 15.) The District Court thoroughly set forth the SSA's administrative exhaustion requirements, and submission of an "appeal” to a "Pay Center” does not satisfy them. See 20 C.F.R. §§ 404.902, 404.907, 404.967-68 & 404.981. Moreover, Agcaoili has not requested any injunctive or other relief in connection with these purported appeals. See Fitzgerald, 148 F.3d at 235. In addition, Thayer submitted an unrebutted declaration from an SSA Director stating that the SSA has no record of Agcaoili having filed an administrative claim regarding the allegations in her complaint. (Appellees' Appx. at 73-74.)

. The District Court did not specifically discuss Agcaoili’s claim under the Privacy Act, but she failed to state one. Agcaoili alleges that various unnamed individuals within the SSA impeded her efforts to investigate her claims, but she does not allege that they withheld any records from her. On the contrary, she alleges that she was able to review her file in 2006. (Compl. at 8.) She also requests no relief in that regard.