BLD-415                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3580
_____

MANUEL LAMPON-PAZ,
                                                              Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 2-16-cv-05052)
District Judge:  Honorable Kevin McNulty
_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 20, 2016

Before:  KRAUSE, SCIRICA and FUENTES, Circuit Judges

(Opinion filed: September 26, 2016)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Manuel Lampon-Paz appeals from the District Court's order dismissing his complaint against the Commissioner of Social Security. We will affirm.

Lampon-Paz filed a complaint alleging that the Social Security Administration ("SSA") has unreasonably delayed its adjudication of his application for disability benefits. In particular, he alleged that he filed a claim for benefits in September 2015, that the SSA denied it in November 2015, and that he filed an administrative appeal. He further alleged that the SSA refused to expedite his appeal and advised him that it could take approximately one year to resolve it. Lampon-Paz sought an order requiring the SSA to rule on his application "immediately." His specific prayer for relief was for an order directing the SSA to "grant me my benefits immediately or give reason as to why not."

The District Court dismissed Lampon-Paz's complaint for lack of subject matter jurisdiction under 42 U.S.C. § 405(g). The District Court reasoned that § 405(g) authorizes review only of the SSA's "final decision" and that the SSA's decision not to expedite Lampon-Paz's appeal is not a "final decision" within the meaning of that statute. We agree that the District Court lacked § 405(g) jurisdiction over Lampon-Paz's complaint because his administrative proceeding is not final. See Fitzgerald v. Apfel, 148 F.3d 232, 234 (3d Cir. 1998). For the same reason, the District Court lacked jurisdiction to the extent that Lampon-Paz sought an order directing the SSA to actually grant his application and pay him benefits. See id.

2

The District Court, however, did not consider other potential grounds for jurisdiction over Lampon-Paz's request for an order directing the SSA merely to decide his appeal. One such potential ground suggested by that request would be mandamus jurisdiction under 28 U.S.C. § 1361.

The Supreme Court has declined to decide whether District Courts may exercise mandamus jurisdiction in Social Security cases. See Heckler v. Ringer, 466 U.S. 602, 616 (1984). But we have exercised mandamus jurisdiction in Social Security cases in other contexts, see Colonial Penn Ins. Co. v. Heckler, 721 F.2d 431, 437 n.2 (3d Cir. 1983), and at least one other court has held that District Courts may exercise mandamus jurisdiction to remedy unreasonable delays by the SSA in resolving claims for benefits, see White v. Mathews, 559 F.2d 852, 855-56 (2d Cir. 1977); see also Fitzgerald, 148 F.3d at 235 (noting that a District Court, in the absence of a final SSA decision, "may well have had jurisdiction" over a claim that the SSA's delay violated due process).

Even if the District Court had mandamus jurisdiction, however, mandamus relief was not warranted on the merits. See Ringer, 466 U.S. at 616-17 (holding that mandamus was not appropriate on the merits without deciding existence of mandamus jurisdiction). "[A] writ of mandamus . . . represents an extraordinary remedy" and "a drastic one, to be invoked only in extraordinary situations." Semper v. Gomez, 747 F.3d 229, 251 (3d Cir. 2015) (quotation marks omitted).

In this case, Lampon-Paz complains of the SSA's nine-month delay in deciding his administrative appeal. That delay falls far short of the delays in adjudicating benefits

3

that courts have found problematic in other cases.  See, e.g., Littlefield v. Heckler, 824 F.2d 242, 247 (3d Cir. 1987) (rejecting claim based on a nine-month delay and collecting cases granting relief on the basis of an almost four-year delay but denying relief on the basis of delays of, inter alia, 19 months and two years).

Thus, there is no reason to remand for the District Court to consider the possibility of exercising mandamus jurisdiction in this case because mandamus clearly is not warranted on the merits.  We express no opinion on whether the District Court could have exercised mandamus jurisdiction in this situation.  We also express no opinion on whether some longer period of delay, consistent with the authority noted above, might warrant mandamus relief in the future.

For these reasons, we will affirm the judgment of the District Court.  Lampon-Paz's motion for expedited review is granted to the extent that we have resolved this appeal within the time-frame he requested.