**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1249
_____

DEANNA ENGLISH,
                            Appellant

v.

SOCIAL SECURITY ADMINISTRATION
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-16-cv-00846)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 1, 2017

Before:  GREENAWAY, JR., GREENBERG and ROTH, Circuit Judges

(Opinion filed: December 5, 2017)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Deanna English appeals pro se from the District Court's order dismissing English's action against the Commissioner of the Social Security Administration ("the Commissioner"). We will affirm.

In 2013, English was notified by the Social Security Administration ("SSA") of an overpayment of supplemental security income benefits ("SSI") due to work activity. English requested reconsideration of the agency's determination and, before the reconsideration was accomplished, sought a hearing before an Administrative Law Judge ("ALJ"). The ALJ was unable to locate any denial of reconsideration in the SSA's official file. The ALJ accordingly dismissed English's request for a hearing and remanded the matter for a determination of her request for reconsideration. English requested review of the ALJ's remand with the Appeals Council. The Appeals Council denied English's request for review and forwarded her case to the local office for a reconsideration determination.

English filed a civil action requesting review of the ALJ's decision. The Commissioner filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b), arguing that English had failed to exhaust administrative remedies. In response to the Commissioner's motion, English filed a number of documents, including a copy of the denial of her request for reconsideration, which had not been previously located. The document revealed that English's request for reconsideration was denied on October 21, 2013, prior to the ALJ's remand order. The District Court dismissed English's action for

lack of jurisdiction. English appeals.[1] We review the District Court's dismissal pursuant to 28 U.S.C. § 1291.

Federal-court jurisdiction over Social Security benefits cases is provided by 42 U.S.C. § 405(g), which provides, in relevant part, that an individual may obtain review of a "final decision of the Commissioner of Social Security made after a hearing to which he was a party…." The rule applies to SSI cases. 42 U.S.C. § 1383(c)(3). A "final decision" is one rendered after a claimant has completed a four-step administrative review process consisting of an initial determination, reconsideration, a hearing before an ALJ, and Appeals Council review. 20 C.F.R. § 416.1400(a).

The "final decision" requirement consists of two elements, one of which is nonwaivable. Fitzgerald v. Apfel, 148 F.3d 232, 232 (3d Cir. 1998). The nonwaivable element is the requirement that a claim for benefits shall have been presented to the Commissioner. Id. The waivable element is the requirement that administrative remedies be exhausted. Id. Only if a plaintiff's claim is collateral to a claim for benefits, however, may exhaustion be waived. Id. at 234.[2] Here, of course, English's claim is not collateral; her claim directly concerns her benefits. Johnson v. Shalala, 2 F.3d 918, 921

---

[1] English sought reconsideration of the District Court's dismissal order, which was denied. English filed her motion for reconsideration and notice of appeal in a timely fashion; therefore, we have jurisdiction to review both the denial of reconsideration and the underlying judgment. Fed. R. App. P. 4(a)(4)(A)(iv); Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam).

[2] The exception permitting waiver of exhaustion when a claimant raises constitutional questions is inapplicable here. See Califano v. Sanders, 430 U.S. 99, 109 (1977).

3

(9th Cir. 1993) ("A plaintiff's claim is collateral if it is not essentially a claim for benefits.").

While English presented documentation that she engaged in all four steps of the administrative review process, including reconsideration, the final two steps of her participation did not relate to the claim about her SSI benefits that she presses here, but instead, related to whether a proper reconsideration denial was in English's file. Neither the ALJ nor the Appeals Council issued decisions; rather, both forwarded English's case for a decision on reconsideration. See Weeks v. Social Sec. Admin. Com'r, 230 F.3d 6, 7 (1st Cir. 2000) (noting that an Appeals Council's order vacating ALJ's decision and remanding for further proceedings is not an appealable "final decision"); see also Beattie v. Astrue, 845 F. Supp. 2d 184, 191-93 (D.D.C. 2012) (finding that exhaustion was not excused where the claimant had appealed the ALJ's remand order to the Appeals Council). Therefore, English did not satisfy § 405(g)'s requirements that she obtain, as to the substance of her claim, a "final decision."

We now know, of course, that the ALJ mistakenly concluded that English had not received action on her request for reconsideration, but that knowledge does not alter the result. As we have explained, § 405(g) requires use of the four-step administrative process as to the claim of benefits, and English has not yet completed that process. English filed a request for a hearing on August 13, 2013, before she received the denial of reconsideration on October 30, 2013. The ALJ was unable to locate the denial at the time it remanded English's case. Because of this administrative issue, English has not yet obtained an administrative hearing and no decision on the merits has been issued.

4

Accordingly, English did not obtain a "final decision," and the District Court correctly held that judicial review of the ALJ's decision is barred.

While we sympathize with English, who must continue to navigate the SSA's administrative review process, we are assured by the Commissioner that, upon completion of this appeal, English's case will be directed to an ALJ for what we hope, and expect, will be an expedited review process. If English does not prevail in her renewed administrative proceedings she will, upon receipt of a final decision on the merits, have the right to review in federal court.

Accordingly, we will affirm the judgment of the District Court.