**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2466
_____

KIMBERLEY STEELE,
                                        Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 2:17-cv-08506)
District Judge: John M. Vazquez

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 24, 2019
Before: MCKEE, COWEN, and RENDELL, Circuit Judges

(Opinion filed: February 26, 2020)
_____

OPINION[*]
_____

PER CURIAM

Pro se appellant Kimberly Steele appeals the District Court's dismissal of her

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

claim against the Commissioner of the Social Security Administration ("Commissioner"). For the reasons that follow, we will affirm the District Court's judgment with one modification.

In October 2017, Steele filed a complaint in the District Court alleging that the Commissioner had improperly reduced her Supplemental Security Income several months prior. The Commissioner filed a motion to dismiss, arguing that Steele had failed to exhaust her administrative remedies after her payments were reduced. Steele was informed in writing at the time of her benefits reduction that she could file an administrative appeal if she disagreed with the decision, but the agency had no record of any attempts by Steele to appeal at any level. The District Court dismissed Steele's complaint with prejudice on the Commissioner's motion after concluding that it lacked subject matter jurisdiction over the case. Steele timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of Steele's complaint for lack of subject matter jurisdiction. Tobak v. Apfel, 195 F.3d 183, 185 (3d Cir. 1999).

The jurisdiction of district courts to review Social Security benefits cases is set out by 42 U.S.C. § 405(g), which provides that an "individual, after any final decision of the Commissioner of Social Security made after a hearing . . . may obtain a review of such decision by a civil action." 42 U.S.C. § 405(g). Without a "final decision," a district

2

court lacks subject matter jurisdiction to review a Social Security benefit determination.[1]

See Fitzgerald v. Apfel, 148 F.3d 232, 234 (3d Cir. 1998). Pursuant to the relevant regulations, a "final decision" is rendered after a benefits claimant has completed a four-step administrative review process. See 20 C.F.R. § 416.1400(a).

In moving to dismiss Steele's complaint, the Commissioner submitted a declaration stating that the agency had never received any reconsideration requests or appeals of the July 2017 decision from Steele. Steele has presented a variety of conflicting narratives over the course of these proceedings regarding the necessity of exhaustion or her alleged attempts to engage in the administrative appeal process, but Steele has not obtained a final decision about her benefits reduction from the Commissioner.

A litigant may not be required to exhaust her administrative remedies where her claim is "collateral" to a claim for benefits or where she would be irreparably injured if exhaustion were required.[2] See Bowen v. City of New York, 476 U.S. 467, 483 (1986).

---

[1] The requirement that there must be a final decision "consists of two elements, only one of which is purely 'jurisdictional' in the sense that it cannot be 'waived' by the Secretary in a particular case." Mathews v. Eldridge, 424 U.S. 319, 328 (1976). Although the specific "administrative remedies prescribed by the Secretary" may be waived, "[t]he nonwaivable element is the requirement that a claim for benefits shall have been presented to the Secretary." Id.

[2] Steele has not raised any colorable constitutional claim that could confer federal jurisdiction despite the lack of a final decision. See Califano v. Sanders, 430 U.S. 99, 108-09 (1977).

Because neither situation applies here, the District Court properly concluded that it lacked jurisdiction to consider Steele's claim.

However, a dismissal for lack of subject matter jurisdiction should be without prejudice. See In re Orthopedic "Bone Screw" Prods. Liab. Litig., 132 F.3d 152, 155-56 (3d Cir. 1997). Accordingly, we modify the District Court's order to dismiss the complaint without prejudice. We will affirm the District Court's order as modified.