**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3475
_____

FLORENCE CHAILLA; OPTATUS CHAILLA,
                                            Appellants

v.

COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION;
MANAGERIAL PERSONNEL OF JANE DOE(S) AT THE EAST STROUDSBURG,
PA OFFICE; JANE DOE - RESPONDER TO UNSIGNED LETTER DATED
APRIL 19, 2018; JANE DOE - EAST STROUDSBURG SAA OFFICE EMPLOYEE AT
WINDOW 3 ON DECEMBER 11, 2017 AT 1:11 P.M.; MS. MARTUCCI EAST
STROUDSBURG OFFICE; MS. RODRIGUEZ IN THE SAME EAST
STROUDSBURG OFFICE

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-18-cv-01129)
District Judge:  Honorable Richard P. Conaboy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 25, 2020

Before: AMBRO, GREENAWAY, JR., and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 9, 2020)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellants Florence Chailla and Optatus Chailla appeal the District Court's dismissal of their complaint against the Commissioner of the Social Security Administration ("SSA"),[1] and others involved in denying their Social Security claim. For the reasons below, we will affirm the District Court's judgment with one modification.

I.

The Chaillas filed a complaint in the District Court alleging that the SSA improperly denied their claim for spousal benefits for Optatus Chailla. They sought damages of over $7 million and asked for the demotion or termination of the Acting Commissioner and various subordinates at the East Stroudsburg, Pennsylvania SSA office. The Commissioner, who was served with the complaint on June 19, 2018, moved to dismiss on August 20, 2018. Dkt. #11.[2] The Chaillas filed, and later amended, a motion for default judgment. Dkt. #13, #16, #17. They also opposed the motion to

---

[1] The Chaillas' complaint named Nancy Berryhill as the Acting Commissioner of the SSA. Andrew Saul became the Commissioner in June 2019. Our reference to "Commissioner" in this opinion refers to whomever was holding or acting in that role at the relevant time. See Fed. R. App. P. 43(c)(2).

[2] The motion included a declaration, completed by Janay Podraza, Court Case Preparation and Review Branch 2 Office of Appellate Operations, Social Security Administration, conveying, among other things, that after the Chaillas filed their complaint, the SSA informed Mr. Chailla in a notice dated August 17, 2018, that it would deposit $19,653.40 (the money he was due through July 2018) in his account, and that he would then continue to receive monthly benefits. Dkt. #12-1 ¶ 3(e).

dismiss. Dkt. #14. After further briefing, the District Court dismissed the complaint for lack of jurisdiction and denied the motion for default judgment. The Chaillas timely appealed.

## II.

We have jurisdiction over this appeal under 28 U.S.C. § 1291. We review the District Court's decision to refuse entry of default judgment for abuse of discretion, see Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000), and we exercise plenary review over the District Court's dismissal of the Chaillas' complaint for lack of subject matter jurisdiction, see Tobak v. Apfel, 195 F.3d 183, 185 (3d Cir. 1999).

### A.    Motion(s) for default judgment

The District Court did not abuse its discretion in denying the Chaillas' motion(s) for default judgment, for many reasons. Most importantly, it does not appear that any default occurred, as the Commissioner moved to dismiss on August 20, 2018, the day that a response was due,[3] and the Commissioner's Certificate of Service for that motion states that the motion was placed in the U.S. Mail on August 20, 2018. See Fed. R. Civ. P. 5(b) (noting that service by mail is complete when the document is mailed). But even if the Commissioner's motion to dismiss were late, we agree with the District Court's other

---

[3] Rule 55(a) of the Federal Rules of Civil Procedure provides that the Clerk must enter a default if a defendant "has failed to plead *or otherwise defend*." The Commissioner defended against the Chaillas' action by moving to dismiss. The Commissioner also asked the District Court to dismiss the remaining defendants from the complaint. Dkt. #12 at 1, n.1.

reasons for declining to enter a default judgment.[4]  See Dist. Ct. Mem. Op, Dkt. # 24 at 3-5.

B.      The Commissioner's Motion to Dismiss

The jurisdiction of district courts to review Social Security benefits cases is set out by 42 U.S.C. § 405(g), which provides that an "individual, after any final decision of the Commissioner of Social Security made after a hearing . . . may obtain a review of such decision by a civil action."  42 U.S.C. § 405(g).  Without a "final decision," a district court lacks subject matter jurisdiction to review a Social Security benefit determination.[5]  See Fitzgerald v. Apfel, 148 F.3d 232, 234 (3d Cir. 1998).

---

[4] In their brief here, the Chaillas also argue that the District Court should have entered default judgment against Defendants Martucci and Rodriquez (spelled "Rodriguez" in some parts of the record), who apparently were employees of the SSA.  Because the Chaillas' motions for default judgment do not explicitly seek such relief, we do not fault the District Court for failing to address such a request.  But in any event, the District Court would not have abused its discretion in denying any such request.  Even where a default is entered, the plaintiffs are not automatically entitled to the damages they originally demanded.  See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).  Rather, a default is treated as an admission of the facts alleged, but the plaintiffs may still need to prove that they are entitled to the damages that they seek.  Id.; DIRECTV Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir. 2005).  Here, as explained in the next section, the Chaillas do not have a viable claim for damages against SSA employees.

[5]  The requirement that there must be a final decision "consists of two elements, only one of which is purely 'jurisdictional' in the sense that it cannot be 'waived' by the Secretary in a particular case."  Mathews v. Eldridge, 424 U.S. 319, 328 (1976).  Although the specific "administrative remedies prescribed by the Secretary" may be waived, "[t]he nonwaivable element is the requirement that a claim for benefits shall have been presented to the Secretary."  Id.  But the agency has not waived exhaustion in the case here.

Under the relevant regulations, a "final decision" is rendered after a benefits claimant has completed a four-step administrative review process. Before a claimant seeks relief in a federal court, he must generally: (1) "seek an initial determination [before the SSA] as to his eligibility"; (2) "seek reconsideration of the initial determination" in the agency; (3) "request a hearing, which is conducted by an ALJ"; and (4) "seek review of the ALJ's decision by the Appeals Council." Smith v. Berryhill, 139 S. Ct. 1765, 1772 (2019) (citing 20 C.F.R. § 416.1400). "If a claimant has proceeded through all four steps on the merits, all agree, § 405(g) entitles him to judicial review in federal district court." Id.

In moving to dismiss the complaint, the SSA submitted a declaration stating that Optatus Chailla applied for spouse's benefits on June 6, 2016. Dkt. #12-1 ¶ 3(a). The SSA approved the application on June 11, 2016, effective April 2016, but informed Mr. Chailla that he was not entitled to benefits because he did not meet the requirements for lawful presence in the United States. Id. ¶ 3(b). On November 6, 2017, the SSA asked Mr. Chailla for proof of lawful permanent residence, and afterward the Chaillas filed their federal complaint. Id. ¶ 3(c) & (d). The Commissioner's motion to dismiss argued that the Chaillas were not challenging a "final decision" under § 405(g), and that they had not otherwise pled any jurisdictional basis for their claims. The Chaillas responded by arguing that they did not have to exhaust their administrative remedies if doing so

would be futile. They also argued that they did not have to exhaust administrative remedies because the agency had failed to follow its own regulations.[6]

A litigant may not need to exhaust his administrative remedies where his claim is "collateral" to a claim for benefits or where he would be irreparably injured if exhaustion were required.[7] See Bowen v. City of New York, 476 U.S. 467, 483 (1986). Because neither situation applies here, the District Court properly concluded that it lacked jurisdiction to consider the Chaillas' claims. The Chaillas are correct that administrative exhaustion may not be required if exhaustion would be futile, but they have not explained why a hearing before an administrative law judge would have been futile. See Tesoro Refin. & Mktg. Co. v. F.E.R.C., 552 F.3d 868, 874 (D.C. Cir. 2009) (explaining that futility exception is available only when using administrative remedies would be "clearly useless," and that the claimant must show "that it is certain that their claim will be denied on appeal, not merely that they doubt that an appeal will result in a different decision") (internal quotation marks and citations omitted). Indeed, it appears that the agency

---

[6] In their brief here, the Chaillas argue that they exhausted their administrative remedies by writing numerous letters to the agency. But they cannot choose how to exhaust their remedies--the statute requires a hearing before an ALJ. And the Chaillas' own exhibit shows that they were aware of the proper procedure. See October 31, 2016 letter from the SSA to Mr. Chailla, Dkt. #3 at 44-45 (explaining that "If you think we are wrong, you have the right to request a hearing").

[7] The Chaillas have not raised any colorable constitutional claim that could confer federal jurisdiction even without a final decision. See Califano v. Sanders, 430 U.S. 99, 108-09 (1977).

6

eventually agreed that Mr. Chailla was entitled to spouse's benefits.

And the Chaillas' contention that administrative remedies need not be exhausted if the agency has failed to follow its regulations is not supported by citation to any law. On the contrary, a central reason for requiring administrative exhaustion is to allow an agency to correct its own errors. See Weinberger v. Salfi, 422 U.S. 749, 765 (1975). By not seeking a hearing, the Chaillas did not allow the agency to correct any errors that may have occurred in the application of its regulations to Mr. Chailla's application.[8]

The Chaillas also argue that their claims against the SSA's employees are cognizable under the Federal Tort Claims Act ("FTCA"). But even if the Chaillas could establish tortious conduct by the SSA employees, an FTCA plaintiff must exhaust all administrative remedies before suing in federal court. Shelton v. Bledsoe, 775 F.3d 554, 569 (3d Cir. 2015); 28 U.S.C. § 2675(a); 20 C.F.R. §§ 429.101-429.110. As this requirement "is jurisdictional and cannot be waived," see Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003), the FTCA does not provide a viable basis for their claims. And to the extent that they seek damages based on alleged constitutional violations against the SSA employees, such damages are not allowed by the statute. See Schweiker v. Chilicky, 487 U.S. 412, 424 (1988) ("The [Social Security Act] makes no provision for remedies in money damages against officials responsible for unconstitutional conduct

---

[8] The Chaillas argue in their brief here that the agency's accounting of Mrs. Chailla's earnings record is not correct. The Chaillas raised that claim for the first time in their "addenda" to their complaint. Dkt. ## 22, 23. But that claim similarly was not

7

that leads to the wrongful denial of benefits.").

We thus affirm the District Court's decision to dismiss the complaint for failure to exhaust administrative remedies.  But a dismissal for lack of subject matter jurisdiction should be without prejudice.  See In re Orthopedic "Bone Screw" Prods. Liab. Litig., 132 F.3d 152, 155-56 (3d Cir. 1997).  Thus, we modify the District Court's order to dismiss the complaint without prejudice.  We will affirm the District Court's order as modified.[9]

administratively exhausted before the Chaillas sued in the District Court.

[9] The Chaillas' motion for sanctions and their motion to file under seal are denied.  The Chaillas argue that Podraza committed fraud on the District Court by submitting an untrue declaration that concealed portions of the "administrative record."  They also argue that counsel for the SSA should be sanctioned for their role in suborning Podraza's perjury and in submitting the untrue declaration.  The motion for sanctions is baseless. Podraza's declaration does not suggest that the documents attached to it comprise the entire correspondence between the Chaillas and the agency.  Nor does the declaration mislead the court—the declaration reflects that the Chaillas did not avail themselves of a hearing before an ALJ or an appeal to the Administrative Council.  We note that the statute requires the Commissioner to file, as part of the Commissioner's *answer* to a federal lawsuit, "a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based."  42 U.S.C. § 405(g).  But such an answer and transcript are required where there is a "final decision of the Commissioner of Social Security made after a hearing."  Id.  Here, there is no "final decision" under the statute, no transcript, and no "answer."  Instead, the Commissioner properly moved to dismiss to alert the District Court that the Chaillas' action was not properly filed under the statute.  As for the Chaillas' motion to file their sanctions motion under seal, L.A.R. Misc. 106.1(a) provides that a "motion to seal must explain the basis for sealing and specify the desired duration of the sealing order."  The Chaillas do not explain why the motion needs to be under seal, and we discern no reason for doing so.

8