**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3215
_____

FRANK NELLOM,
                                        Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2:23-cv-01268)
Magistrate Judge:  Honorable Richard A. Lloret
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 20, 2024
Before:  KRAUSE, MATEY, and CHUNG, Circuit Judges

(Opinion filed June 28, 2024)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

PER CURIAM

Appellant Frank Nellom, proceeding pro se, appeals from the District Court's dismissal of his complaint without prejudice for failure to exhaust administrative remedies. For the following reasons, we will affirm.

In October 2017, Nellom was found to be disabled in connection with a claim for supplemental security income. Nellom was incarcerated in April 2019, which triggered the suspension of his eligibility for benefits. See 20 C.F.R. § 416.1325. Nellom was released from prison on April 10, 2021, after which he filed a new application for supplemental security income, which was denied. Nellom subsequently filed a request for a hearing by an Administrative Law Judge ("ALJ"). However, before that hearing took place, Nellom filed a complaint in the District Court against the Commissioner alleging that, in light of the October 2017 disability finding, his application for benefits should not have been denied. See D.Ct. ECF No. 2 at 2.

The Commissioner filed a motion to dismiss, arguing that Nellom failed to exhaust his administrative remedies after the denial of his new application for benefits. Nellom filed two motions for summary judgment, arguing that the denial of his application violated res judicata, and that he was entitled to the reinstatement of the disability benefits originally awarded in October 2017. Concluding that it lacked subject matter jurisdiction over the case, the District Court denied Nellom's motions for summary judgment and dismissed the complaint without prejudice. Nellom filed a timely appeal.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of Nellom's complaint for lack of subject matter jurisdiction. Tobak v. Apfel, 195 F.3d 183, 185 (3d Cir. 1999).

The jurisdiction of district courts to review Social Security benefits cases is set out by 42 U.S.C. § 405(g), which provides that an "individual, after any final decision of the Commissioner of Social Security made after a hearing . . . may obtain a review of such decision by a civil action." 42 U.S.C. § 405(g). Without a "final decision," a district court lacks subject matter jurisdiction to review a Social Security benefit determination.[1] See Fitzgerald v. Apfel, 148 F.3d 232, 234 (3d Cir. 1998). Pursuant to the relevant regulations, a "final decision" is rendered after a benefits claimant has completed a four-step administrative review process consisting of an initial determination, reconsideration, a hearing by an ALJ, and review by the Appeals Council. See Smith v. Berryhill, 139 S. Ct. 1765, 1772 (2019) (citing 20 C.F.R. § 416.1400).

In moving to dismiss Nellom's complaint, the Commissioner submitted a declaration that Nellom's request for a hearing before an ALJ was still pending, and that an ALJ had not yet issued a decision. See D.Ct. ECF No. 13-1 at 3. Nellom has not disputed that he failed to obtain ALJ review of the denial of his most recent application

---

[1] The requirement that there be a final decision "consists of two elements, only one of which is purely 'jurisdictional' in the sense that it cannot be 'waived' by the Secretary in a particular case." Matthew v. Eldridge, 424 U.S. 319, 328 (1976). Although the specific "administrative remedies prescribed by the Secretary" may be waived, "[t]he nonwaivable elements is the requirement that a claim for benefits shall have been presented to the Secretary." Id.

3

for benefits.  Instead, he argues that such review is not required because he is seeking to reinstate the October 2017 grant of benefits, and not appeal the recent denial of his new application.  He asks this Court to affirm the 2017 award of benefits. See 3d Cir. ECF No. 8 at 2.

Despite his assertions to the contrary, Nellom's filings make clear that his complaint did in fact seek to challenge the denial of his most recent application for benefits, which he filed after his release from prison.  Even if Nellom was seeking to reinstate his prior determination of disability through that new application, he has not yet obtained a final decision from the Commissioner, who could still grant the relief he seeks.[2]

A litigant may not be required to exhaust his administrative remedies where his claim is "collateral" to a claim for benefits or where he would be irreparably injured if exhaustion were required.[3]  See Bowen v. City of New York, 476 U.S. 467, 483 (1986). Because neither situation applies here, the District Court properly concluded that it lacked jurisdiction to consider Nellom's claim.

---

[2] As noted by the Appellee, because Nellom was incarcerated for more than 12 consecutive months, his eligibility for benefits was terminated. See 20 C.F.R. §§ 416.211, 416.1325, 416.1335.  The regulations "provide for no … reinstatement where a recipient's eligibility has been terminated after 12 consecutive months of suspension." Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1172 (9th Cir. 2008); see also 42 U.S.C. § 1383(j)(1) (instructing, subject to an exception not applicable here, that a suspension for 12 months ends an individual's eligibility for benefits and requires a new application).

[3] Nellom has not raised any colorable constitutional claim that could confer federal jurisdiction despite the lack of a final decision.  See Califano v. Sanders, 430 U.S. 99, 108–09 (1977).