**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2582
_____

FRANK NELLOM,
                              Appellant

v.

COMMISSIONER SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2:25-cv-01894)
Magistrate Judge:  Honorable Lynne A. Sitarski
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 6, 2026

Before:  MATEY, MONTGOMERY-REEVES, and NYGAARD, *Circuit Judges*

(Opinion filed March 10, 2026)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Frank Nellom, proceeding pro se, appeals from the District Court's dismissal of his complaint without prejudice for failure to exhaust administrative remedies. We will affirm.

I.

On April 11, 2025, Nellom filed a complaint in the United States District Court for the Eastern District of Pennsylvania wherein he alleged that his social security benefits, originally awarded in October 2017, had been discontinued without notice in violation of 20 C.F.R. § 416.1336. The Commissioner filed a motion to dismiss, arguing that Nellom failed to exhaust his administrative remedies before filing suit.[1] In response, Nellom filed a "60(b) motion to correct fraud upon the Court", arguing that the Commissioner's dismissal motion avoided the issue raised in his complaint and failed to produce the benefit termination notice he should have received before his payments were discontinued. However, Nollem did not address the Commissioner's claim that he had

---

[1] Along with this motion, the Commissioner submitted a declaration indicating that Nellom had filed an application for social security income in May of 2021, and the State agency denied both his application and his request for reconsideration. Nellom subsequently requested a hearing before an Administrative Law Judge ("ALJ") on January 8, 2022. On April 5, 2023, before the hearing took place, Nellom filed a civil action in the United States District Court for the Eastern District of Pennsylvania, Civ. No. 2:23-cv-01268, and District Court dismissed his complaint because he had not exhausted his administrative remedies. Nellom appealed, *see* Case No. 23-3215, and we affirmed the District Court's judgment on August 6, 2024. Meanwhile, after Nellom did not appear for two scheduled ALJ hearing dates, the ALJ dismissed his hearing request on February 20, 2024, for failure to appear. Nollem did not seek Appeals Council review of this dismissal.

2

failed to exhaust his administrative remedies before filing suit.  Thus, the District Court[2]

concluded that it lacked subject matter jurisdiction over the case, denied Nellom's 60(b)

motion, and dismissed his complaint without prejudice for failure to exhaust

administrative remedies.  Nellom filed a timely appeal.  Both parties have submitted their

briefs on appeal, and this matter is ripe for disposition.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  We exercise

plenary review over the District Court's dismissal of Nellom's complaint for lack of

subject matter jurisdiction.  *See Tobak v. Apfel*, 195 F.3d 183, 185 (3d Cir. 1999).  A

district court's jurisdiction to review Social Security benefits cases is defined by 42

U.S.C. § 405(g), which states that an "individual, after any final decision of the

Commissioner of Social Security made after a hearing … may obtain a review of such

decision by a civil action[.]"  Without a "final decision," a district court lacks subject

matter jurisdiction to review a Social Security benefit determination.[3]  *See Fitzgerald v.*

*Apfel*, 148 F.3d 232, 234 (3d Cir. 1998).  A benefits claimant obtains a "final decision"

---

[2] A Magistrate Judge proceeding with the parties' consent.

[3] The requirement that there be a final decision "consists of two elements, only one of which is purely 'jurisdictional' in the sense that it cannot be 'waived' by the Secretary in a particular case." *Matthew v. Eldridge*, 424 U.S. 319, 328 (1976).  Although the specific "administrative remedies prescribed by the Secretary" may be waived, "[t]he nonwaivable element is the requirement that a claim for benefits shall have been presented to the Secretary." *Id.*

by completing the four-step administrative review process: initial determination, reconsideration, a hearing before an ALJ, and review of the ALJ's decision by the Appeals Council. *See Smith v. Berryhill*, 587 U.S. 471, 475-76 (2019) (citing 20 C.F.R. § 416.1400).

## III.

We agree with the District Court's determination that it lacked subject matter jurisdiction to review the merits of Nellom's claim. In moving to dismiss Nellom's complaint, the Commissioner submitted a declaration indicating that Nellom had failed to complete the four-step process to receive a final decision regarding his 2021 application for benefits. And in his filing on appeal, Nellom does not dispute that he failed to obtain Appeals Council review of the ALJ's dismissal. Instead, he reiterates his argument that he was denied benefits without the notice required by 20 C.F.R. § 416.1336(a), and asks our Court to reinstate his benefits effective from the notice date of June 1, 2021. However, because Nellom failed to obtain a judicially reviewable "final decision" from the Commissioner, the District Court was without jurisdiction to review this claim, as are we.

A litigant may be exempt from the requirement of exhausting his administrative remedies where his claim is "collateral" to a claim for benefits, or where he would be irreparably injured if exhaustion were required.[4] *See Bowen v. City of New York*, 476

---

[4] Nellom has not raised a colorable constitutional claim that confers federal jurisdiction in

4

U.S. 467, 483 (1986).  Because neither situation applies here, the District Court properly

dismissed Nellom's complaint without prejudice for lack of subject matter jurisdiction.

IV.

Accordingly, we will affirm the District Court's judgment.

---

the absence of a final decision.  *See Califano v. Sanders*, 430 U.S. 99, 108-09 (1977).